**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Vincent J. DUGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 20, 2000.
Filed Feb. 22, 2001.

George A. Brutscher, Kennett Square, for appellant.

Nicholas J. Casenta, Assistant District Attorney, West Chester, for Com., appellee.

Before KELLY, LALLY–GREEN, and HESTER, JJ.

LALLY–GREEN, J.:

¶ 1 Appellant, Vincent J. Dugan, appeals the judgment of sentence of fines and costs of prosecution imposed following Appellant's summary conviction of a vehicle code violation. We affirm.

¶ 2 The facts, as found by the trial court, are as follows.

The parties stipulated that [Appellant] was the driver of a truck, towing a horse trailer, that was stopped by the Pennsylvania State Police, on October 21, 1999. (N.T. pgs. 4–5). The parties also stipulated that the truck had a Gross Vehicle Weight Rating of 11,200 pounds and the trailer had a Gross Vehicle Weight Rating of 15,000 pounds. (N.T. p. 8.) The parties further stipulated that [Appellant] did not have a commercial driver's license or Class A license. *Id.*

Trial Court Opinion, 8/2/2000, at 1–2.

¶ 3 Appellant was charged with violating 75 Pa.C.S.A. § 1606(a), driving a commercial motor vehicle without a commercial driver's license. A trial *de novo* was held

on March 1, 2000. On March 3, 2000, the trial court found Appellant guilty and sentenced Appellant to pay $541.50 in fines, plus costs of prosecution. Trial Court Opinion, 8/2/2000, at 1. This appeal followed.

¶ 4 Appellant raises one issue on appeal: Whether [Appellant] was driving a **"Commercial Motor Vehicle"** so as to constitute a violation of Section 1606(a) of the *Vehicle Code* (75 Pa.C.S.A. § 1606(a)).

Appellant's Brief at 3. Appellant presents a claim not addressed previously by this court, *i.e.*, what is the proper interpretation of the Section 1606(a) term "commercial motor vehicle." [1]

¶ 5 The issue before us involves the proper statutory construction of Section 1606(a). When reviewing questions of law, our standard of review is plenary. *Yaros v. Trustees of the University of Pennsylvania*, 742 A.2d 1118, 1121 (Pa.Super.1999) (*citing Borden, Inc. v. Advent Ink Co.*, 701 A.2d 255, 258 (Pa.Super.1997)). We are free to draw our own inferences and reach our own conclusions. *Id.* "If a trial court erred in its application of the law, [we] will correct the error." *Id.* (*citing Francis J. Bernhardt, III, P.C. v. Needleman*, 705 A.2d 875, 876–77 (Pa.Super.1997)).

¶ 6 We look for guidance to 1 Pa. C.S.A. §§ 1901, *et seq.*, General Provisions, Statutory Construction. "Words and phrases are to be construed according to rules of grammar and according to their common and approved usage." 1 Pa. C.S.A. § 1903(a). In construing a statute, courts must first determine whether the issue may be resolved by reference to the express language of the statute. *Commonwealth v. Lopez*, 444 Pa.Super. 206, 663 A.2d 746, 748 (1995); 1 Pa.C.S.A. § 1921. Section 1921, Legislative Intent Controls, provides:

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted. . . .

(4) The object to be attained. . . .

---

**1.** The Commonwealth argues that Appellant was driving a "commercial vehicle" without a "commercial vehicle license" (or a "Class A license"). It contends that the total weight of the pickup truck plus the horse trailer was 26,200 pounds, which is above 26,001 pounds, the threshold weight for combinations of vehicles to be deemed commercial vehicles.

Appellant appears to argue that the only *motor* vehicle he was driving was his pick-up truck, because the horse trailer he was towing behind his truck is not a motor vehicle. He argues his pickup truck was *not* a commercial motor vehicle because the pickup truck weighed less than 26,001 pounds. Thus, he did not need to have a commercial driver's license to drive the pickup truck or anything towed by the pickup truck. Appellant also asserts the pickup truck and the horse trailer each weigh less than the 26,001 pound threshold necessary to be a commercial vehicle. Thus, neither vehicle was a commercial vehicle because the weight requirements were not met. Appellant's Brief at 6.

*See, infra*, pages 4 to 10 for a discussion of the merits of these arguments.

1 Pa.C.S.A. § 1921. Thus, when the language of a statute is clear and free from all ambiguity, any further deliberation as to its meaning is unwarranted. *Grom v. Burgoon,* 448 Pa.Super. 616, 672 A.2d 823, 825 (1996).

¶ 7 Statutes *in pari materia* are to be construed together, if possible, as one statute. 1 Pa.C.S.A. § 1932(b). Statutes or parts of statutes are *in pari materia* when they relate to the same persons or things or to the same class of people. 1 Pa.C.S.A. § 1932(a); *Motorists Insurance Companies v. Emig,* 444 Pa.Super. 524, 664 A.2d 559, 566–67 (1995).

¶ 8 Appellant is charged with violating Section 1606(a), 75 Pa.C.S.A. § 1606(a). Section 1606(a) provides:

No person, except those specifically exempted in subsection (b), shall drive **a commercial motor vehicle** unless the person has been issued and is in immediate possession of **a valid commercial driver's license** and applicable endorsements valid for the vehicle he is driving.

75 Pa.C.S.A. § 1606(a) (emphasis added). Thus, Section 1606 requires persons who drive a "commercial motor vehicle" to obtain a "commercial driver's license."

¶ 9 A "commercial motor vehicle" is defined in 75 Pa.C.S.A. § 1603, in pertinent part, as follows:

A **motor vehicle** designed or used to transport passengers or property:

(1) if the vehicle has **a gross vehicle weight rating** of 26,001 or more pounds or such lesser rating as the department

shall adopt under the provisions of section 6103(c) (relating to promulgation of rules and regulations by department), as determined by Federal regulation and published by the department as a notice in the Pennsylvania Bulletin;

75 Pa.C.S.A. § 1603 (emphasis added). "Motor vehicle" is defined as:

[a] vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails.

75 Pa.C.S.A. § 102. "Gross vehicle weight rating" is defined as "[t]he value specified on the Federal weight certification label by the manufacturer as the loaded weight of a single vehicle." 75 Pa.C.S.A. § 102.

¶ 10 A "commercial driver's license" is a driver's license to drive a class of commercial motor vehicle. 75 Pa.C.S.A. § 1603.[2] A "Class A" license is required in order for a person to operate a combination of vehicles with a gross vehicle weight rating of 26,001 pounds or more, unless the towed vehicle is less than a weight rating of 10,001 pounds. 75 Pa.C.S.A. § 1504(d)(1).[3]

¶ 11 The question here is whether Appellant was required to have a Class A license to drive his pickup truck with an 11,200 pound weight rating which towed a horse trailer with a 15,000 pound weight rating. The Commonwealth argues that Appellant must have the Class A license because the total weight rating of the combination of vehicles, the pickup truck plus said horse trailer, was 26,200 pounds,

---

**2.** Section 1603, 75 Pa.C.S.A. § 1603, defines a "commercial driver's license" as: "[a] driver's license issued in accordance with the requirements of this chapter authorizing a person 18 years of age or older to drive a class of commercial motor vehicle."

**3.** Section 1504(d)(1) provides as follows:

A Class A license shall be issued to those persons 18 years of age or older who have demonstrated their qualifications to operate any **combination of vehicles** with a gross vehicle weight rating of 26,001 pounds or more, provided the gross vehicle weight rating of the vehicle or vehicles being towed is in excess of 10,000 pounds.

75 Pa.C.S.A. § 1504(d)(1) (emphasis added).

which is above 26,001 pounds. Appellant argues he does not need the Class A license because: the only *motor* vehicle he was driving was his pickup truck, since the towed trailer was not a motor vehicle; and, his pickup truck was *not* a commercial motor vehicle because the pickup truck weighed less than 26,001 pounds.[4] Thus, we must determine whether under Section 1606(a), a Class A license is required on these facts.

¶ 12 We observe that the relevant language of §§ 1504(d) and 1606(a) arose from the same legislative enactment, the Uniform Commercial Driver's License Act (Act), P.L. 173, No. 42 (May 30, 1990). That Act was created to implement the provisions of the federal Commercial Motor Vehicle Safety Act of 1986, P.L. 99–570, 49 U.S.C. § 2701, *et seq.* 75 Pa.C.S.A. § 1602(a). Section 1504(d) was amended to create new classes of licenses, including the Class A license. *See,* Section 3 of the Act. Section 1606 established new mandates respecting drivers of commercial motor vehicles. *See,* Section 8 of the Act.

¶ 13 We first ascertain the plain meaning of the Section 1504(d)(1) phrase "any combination of vehicles with a gross vehicle rating of 26,001 pounds." As stated above, we are to construe words and phrases in accordance with their common and approved usage. 1 Pa.C.S.A. § 1903(a). And, we are to interpret statutes to give effect to the legislature's intent and to all of the statute's provisions. 1 Pa.C.S.A. § 1921.

■ ¶ 14 The plain meaning of the term "combination" is the act of combining or bringing in or uniting. *See,* Webster's Unabridged Dictionary. The plain meaning of the term "vehicle" is any means by which someone or something is carried. *See,* Webster's Unabridged Dictionary. The language of Section 1504(d), "any combination of vehicles," is not limited to commercial motor vehicles, like commercial tractor-trailers, and is not limited to vehicles that are motorized. The plain meaning of Section 1504(d) is that a Class A license is required when the gross vehicle weight ratings of the towing vehicle (whether personal or commercial) and of the towed vehicle (whether motorized or unmotorized) are combined for a gross vehicle weight rating of 26,001 pounds or more **except where** the gross vehicle weight rating of the towed vehicle is less than 10,001 pounds.

■ ¶ 15 We now apply this interpretation of Section 1504(d) to the facts of the case. Here, the towed vehicle, the horse trailer, had a gross vehicle weight rating of 15,000 pounds. The combined gross vehicle weight ratings of both the pickup truck and the horse trailer were to be used for purposes of a Class A license under Section 1504(d). Since the combined gross vehicle weight ratings of both exceeded 26,001 pounds, Appellant was required to have a Class A license under Section 1504(d).

¶ 16 Next, we determine whether Section 1606(a) includes the specific requirements of Section 1504(d)(1). Section 1606(a) requires the driver of a "commercial motor vehicle" to have a "commercial drivers license." The Section 1606(a) term "commercial motor vehicle" is defined as a "motor vehicle designed or used to transport passengers or property" where the vehicle's gross vehicle weight is 26,001 or more pounds or the weight rating is that provided by Federal regulation.[5] *See,* 75

---

4. *See,* note 1 *supra,* for a more detailed listing of the parties' claims.

5. Federal regulations do provide guidance. *See,* 49 C.F.R. 383.5 where a "commercial motor vehicle" *includes* towed units and the

Pa.C.S.A. § 1603.[6] The "commercial drivers license" required in Appellant's case is a Class A license, as discussed above.

■ ¶ 17 We conclude that the Section 1606(a) phrase "commercial motor vehicle" includes the Section 1504(d)(1) concept of "combination" of motorized vehicles and towed vehicles. We arrive at this conclusion using the rule of construction of reading the statutes *in pari materia.* Here, Section 1606(a) requires drivers to have a "commercial driver's license." A Class A license applies to drivers of vehicles, or combinations of vehicles, having a weight rating of 26,001 pounds or more (excluding towed vehicles less than 10,000 pounds). Read together, § 1606(a) requires drivers to have a Class A license whenever driving a combination of vehicles having a total gross weight rating of 26,001 pounds or more. This interpretation is a reasonable one designed to effectuate the intent of the legislature, particularly its intent as expressed in Section 1504(d)(1).

■ ¶ 18 Here, it is undisputed that while Appellant possessed a Class C license, he did not have a Class A license. Trial Court Opinion, 8/2/2000, at 2. Appellant, thus, was not licensed to drive a vehicle **or combination of** vehicles with a total weight rating of over 26,001 pounds. The combined weight rating of Appellant's pickup truck and horse trailer was 26,200 pounds and the horse trailer had a weight

rating of 15,000 pounds. Trial Court Opinion, 8/2/2000, at 2. Upon review of the record, Appellant was driving a "commercial motor vehicle" that was, in fact, a motor vehicle towing another vehicle, which had a combined weight rating of over 26,001 pounds. A Class A license was required to drive such a vehicle. Appellant did not have a Class A license when he drove his pickup truck towing the horse trailer as he was required to under Section 1606(a).[7] The trial court did not err as alleged. Appellant's claim fails.

¶ 19 Judgment of sentence affirmed.

---

weight ratings apply to the motor vehicle plus the towed unit. 49 C.F.R. 383.5 provides as follows:

Commercial motor vehicle (CMV) means a motor vehicle or a combination of motor vehicles used in commerce to transport passengers or property if the *motor vehicle—* Has a gross combination weight rating of 11,794 kilograms or more (26,001 pounds or more) **inclusive of a towed unit** with a gross vehicle weight rating of more than 4,536 kilograms (10,000 pounds) …

6. *Supra,* at page 4.

7. As did the trial court, we observe that, on the back of all drivers' licenses issued in Pennsylvania, the classes of licenses are listed. Class A and Class C licenses are listed as follows:

A. Combination>26,000/Tow>10,000   C. Single/Comb<26,001

Appellant's own license alerted him as to what vehicles he could drive with his Class C license and what vehicles he could drive with a Class A license.