J-A11035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WINFIELD KELLY STRAUGHEN JR. | : | |
| | : | |
| Appellant | : | No. 1145 MDA 2017 |

Appeal from the Judgment of Sentence July 5, 2017
in the Court of Common Pleas of Berks County
Criminal Division at No.:  CP-06-SA-0000161-2017

BEFORE:   STABILE, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 20, 2018**

Appellant, Winfield Kelly Straughen, Jr., appeals *pro se* from the judgment of sentence in a summary appeal, at which he was found guilty of failure to have a commercial driver's license and failure to have a required medical card.[1]  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's September 14, 2017 opinion. At the *de novo* hearing on July 5, 2017, Officer David M. Bentz testified that on January 31, 2017, he stopped Appellant.  (Trial Court Opinion, 9/14/17, at 1).  Appellant was driving a Dodge Ram pickup truck and towing a trailer.

_____

[1] Although counsel entered appearance on behalf of Appellant after Appellant filed a *pro se* notice of appeal, he was later permitted to proceed *pro se*.

_____

(*See id.*). Counsel for the Commonwealth stated the Commonwealth believed that the gross combination weight rating ("GCWR") for the Dodge truck was 26,000 pounds and the trailer 20,000 pounds. (*See* N.T. Hearing, 7/5/17, at 4). These two weights required Appellant to have a commercial driver's license. (*See id.*). The Commonwealth contended that the truck was registered in Virginia and introduced the registration, showing the GCWR for the truck was 26,000 pounds. (*Id.* at 7, 70).

Appellant testified he had information from the manufacturer that the GCWR for the vehicle was 23,000 pounds. (*Id.* at 6).[2] He contended the gross vehicle weight rating (GVWR) for his truck was 12,200 pounds, according to the manufacturer label on the door, not 26,000 pounds. (*Id.* at 7).

Officer Benz testified that his "training has always been and prior enforcement efforts we certainly take the [GVWR] of the primary unit and the gross weight of the trailer and add them together to determine the combination." (*Id.* at 9). Counsel for the Commonwealth stated that the registration for the trailer indicated the GVWR was 20,000 pounds. (*Id.* at 14). Appellant conceded that the value for the truck is assigned the "maximum value for its weight rating which the [GCWR] is the maximum that they specify for a truck and trailer combined. It's a combination." (*Id.* at

_____

[2] Appellant appeared *pro se* at the hearing.

20). He agreed that "[i]f my gross vehicle, my truck and trailer, actual weight exceeded 26,000 pounds, then it would become [sic] commercial vehicle. But I did not exceed it." (*Id.* at 22).

Officer Bentz testified that he "sent for certified registrations for both the truck and trailer from Virginia." (*Id.* at 31). He received a certified registration from Virginia for the truck. (*Id.* at 32). The registration indicated the GVWR for the truck itself was 14,000 pounds. (*See id.*). The registration showed the GVWR for the trailer was 20,000 pounds. (*Id.* at 33).

The Commonwealth showed Appellant the registration from the Virginia Department of Motor Vehicles for the trailer, indicating the GVWR of the trailer was 20,000 pounds. (*Id.* at 33.). Documentation from Virginia indicated the pickup truck had a GVWR of 14,000 pounds and the trailer had a GVWR of 20,000 pounds. (*Id.* at 70, 72). Appellant contended that the actual weight of his truck was 6,000 pounds and the trailer weighed 15,000 pounds according to the manufacturer. (*Id.* at 38). At the time Officer Bentz stopped Appellant, Appellant admitted he did not have the registrations for the truck or the trailer. (*Id.* at 46). Appellant averred that "[t]he law used to say that [the officers] have to weigh the vehicles to determine whether it was a commercial vehicle. That's the issue I had in 2011." (*Id.* at 59).

After the hearing, the court found Appellant guilty of driving without a commercial driver's license, in violation of 75 Pa.C.S.A. § 1606(a), and

medical card.[3]  (*See id.* at 64-65).  The court imposed a fine of $525.[4]  (*See id.*).  This timely appeal followed, on July 24, 2017.[5]

Appellant raises the following issue for our review:  "Is the correct measurement of [GCWR] upon which the truck driver can rely determined by the stated GCWR on either the side truck panel or the vehicle's manual, as opposed to adding the [GVWR] of the trailer to the GCWR?"  (Appellant's Brief at 6).  Appellant argues that the trailer's GVWR should not be added to that of the truck in the absence of the actual weights of the towing vehicle and the trailer.  (*Id.* at 11).  This claim does not merit relief.

> When, as here, the appellant raises a question of statutory construction, our standard of review is *de novo*, and our scope of review is plenary.
>
> In matters involving statutory interpretation, the Statutory Construction Act directs courts to ascertain and effectuate the intent of the General Assembly. A statute's plain language generally provides the best indication of legislative intent. In construing the language, however, and giving it effect, we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear.

---

[3]  *See* 49 CFR § 391.41.  The trial court noted that both Appellant and the Commonwealth agreed that the citation for failure to have a medical card "was wholly dependent on the requirement that [Appellant] have a commercial driver's license, and rises or falls along with that issue."  (*See* Trial Ct. Op., at 4).

[4]  The Commonwealth withdrew five separate traffic citations.  (*See id.* at 64-65).

[5] Appellant also filed a statement of errors complained of on appeal.  The trial court filed an opinion on September 14, 2017.  *See* Pa.R.A.P. 1925.

*Commonwealth v. Ford*, 175 A.3d 985, 991–92 (Pa. Super. 2017) (citations

and quotation marks omitted).

The applicable statutory provisions state, in relevant part, as follows:

Requirement for commercial driver's license

**(a) When required.**—No person, except those specifically exempted in subsection (b), shall drive a commercial motor vehicle unless:

(1) the person has been issued a commercial driver's license;

(2) the person's commercial driver's license is in his immediate possession; and

(3) the person's commercial driver's license was issued for the class of commercial motor vehicle operated and contains all applicable license endorsements.

75 Pa.C.S.A. § 1606(a)(1)-(3).

**"Commercial motor vehicle."** A motor vehicle or combination designed or used to transport passengers or property:

\*    \*    \*. . .

(1.1) if the vehicle has a gross combination weight rating or gross combination weight of 26,001 pounds or more, whichever is greater, inclusive of a towed unit with a gross vehicle weight rating or gross vehicle weight of more than 10,000 pounds, whichever is greater[.]

75 Pa.C.S. § 1603(1.1).

The statute provides the following definitions of terms included within

Section 1603(1.1):

**"Gross combination weight rating (GCWR)."** The value specified by the manufacturer as the loaded weight of a combination.

> **"Gross vehicle weight rating (GVWR)."** The value specified on the Federal weight certification label by the manufacturer as the loaded weight of a single vehicle.
>
> **"Gross weight."** The combined weight of a vehicle or combination of vehicles and its load excluding the driver's weight.

75 Pa.C.S.A. § 102.

In **Commonwealth v. Dugan**, 769 A.2d 512 (Pa. Super. 2001), this Court addressed the issue raised by Appellant. The appellant in **Dugan** was charged with violating Section 1606(a). **Id.** at 515. "Section 1606(a) requires the driver of a "commercial motor vehicle" to have a "commercial drivers license." **Id.** at 516. "The Section 1606(a) term 'commercial motor vehicle' is defined as a 'motor vehicle designed or used to transport passengers or property' where the vehicle's gross vehicle weight is 26,001 or more pounds . . . ." **See id.** In **Dugan**, the "[a]ppellant was driving a 'commercial motor vehicle' that was, in fact, a motor vehicle towing another vehicle, which had a combined weight rating of over 26,001 pounds." **Id.** at 517. Therefore, this Court concluded the appellant was required to have a commercial driver's license. **See id.**

In the instant case, the trial court opined that "any of the rating numbers in evidence for the truck itself, when added to the 20,000-pound rating for the trailer, will exceed 26,000 pounds; therefore, the [c]ourt found [Appellant] was required to have a commercial driver's license, and as a result, the medical card as well." (Trial Ct. Op., at 6). After careful review of the record,

we agree with the trial court's finding that Appellant was required to have a commercial driver's license and a medical card. **See Dugan**, **supra** at 516-17. We discern no error. **See Ford**, **supra** at 991–92. Appellant's issue does not merit relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/2018