532 A.2d 870

**COMMONWEALTH of Pennsylvania**

v.

**Paul S. COLPO, Appellant.**

Superior Court of Pennsylvania.

Argued June 2, 1987.

Filed Oct. 14, 1987.

224

Kathleen A. Cribbins, Pittsburgh, for appellant.

Sean K. Code, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before DEL SOLE, POPOVICH and MONTGOMERY, JJ.

DEL SOLE, Judge:

The Appellant in this case was charged with one count of arson endangering persons and one count of arson endangering property following a fire which occurred in his home. He was tried by a jury and convicted of both charges. This appeal followed.

■ The first issue raised by Mr. Colpo is that the trial court erred in denying his pre-trial motions concerning a search warrant and his right to a speedy trial. To be preserved for appellate review an issue must be raised in post-trial motions, and these motions must be filed within ten days of the verdict. *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979); *Commonwealth v. Lynch*, 304 Pa.Super. 248, 450 A.2d 664 (1982); Pa.R.Crim.P. 1123. In this case, there are post trial motions contained in the record certified to us from the Court of Common Pleas of Allegheny County, but the motions have not been time stamped by the clerk of courts, and are not dated, also, all that is contained in the record are unsigned, unverified photocopies. We cannot determine if these post-trial motions were timely filed and the issues contained in them preserved for review. Therefore, we will remand the case to the trial court for it to determine if post-trial motions were timely filed and then return the record to this court.

■ The Appellant has also raised various claims of ineffectiveness of trial counsel, which are issues properly before us, since this appeal is the first time that the Appellant has been represented by counsel other than trial counsel. *See Commonwealth v. Reider*, 343 Pa.Super. 270, 494 A.2d 461 (1985). We will review these claims in light of the standard recently reiterated by our Supreme Court: a defendant must show that the omission or commission by counsel was arguably ineffective and the likelihood that he was prejudiced thereby. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

■ The first of the ineffectiveness claims raised by the Appellant is that trial counsel was ineffective in eliciting damaging testimony during his cross-examination of Lieutenant John Delia of the Option Fire Department in Baldwin Borough which was the first fire department to arrive at the scene. Lieutenant Delia testified on direct examination

concerning what he found at the scene of the fire, and that in his opinion the fire had multiple points of origin.

Some of this testimony was repeated on cross-examination but our review of the trial transcript reveals no new damaging testimony was elicited by trial counsel when he examined this witness. Appellant's brief points to no specific area of damaging testimony from this witness on cross, and we have found none. We find no merit in this contention.

■■ Appellant next claims that trial counsel was ineffective because he failed to make certain items of physical evidence available to a defense expert before trial. The items were carpet and carpet padding taken from the Appellant's residence by the district attorney's office. Appellant argues in his brief that failure to provide the expert with all of the evidence may have resulted in a difference in the opinion of the expert, and most certainly rendered the opinion "deficient" in the eyes of the jury.

Mr. Emerson Venable, a chemist who specializes in problems of safety and problems of health, testified for the defense as an expert witness. T.T., p. 512. Venable testified that he had removed a section of carpet and padding from the hallway of the house during his investigation, and he brought the carpet to court with him to demonstrate why he believed that the fire marshall's theory about the cause of the fire was wrong. T.T. p. 519, ff. He took other items from the house: carpeting from the living room, a black can, a kerosene heater. T.T., p. 565. The expert took the items he needed and conducted tests as he saw fit. He did not see the Commonwealth's samples of the carpet and padding until a few days before trial (T.T. p. 567) but trial counsel's failure to make arrangement for this earlier hardly reaches the level of inattention we would deem ineffectiveness. Appellant does not say why he believes that tests of the Commonwealth's exhibits would have provided any exculpatory evidence or would have produced results differ-

ent from the tests Mr. Venable made on the samples he removed himself. We find this claim lacks merit.

■ Appellant also claims that trial counsel was ineffective for calling two character witnesses who met the Appellant after the fire took place. Neither Dr. Joseph Mele nor Father Walter Ritzi knew the Appellant at the time the fire occurred and this was brought out on cross-examination by the district attorney. T.T. pp. 328, 330. However, counsel called six other character witnesses who did know the Appellant at the time of the incident and testified to his reputation for truthfulness. These witnesses included a contractor, a Catholic priest, two attorneys, a security consultant and an IRS agent. Considering the presentation of character testimony as a whole, we find that the Appellant was not prejudiced by the appearance of Father Ritzi and Dr. Mele.

■ Appellant's final claim seems to be one of first impression. He argues that his sentence was illegal: that the crimes of arson endangering persons and arson endangering property merge for sentencing purposes. Appellant's failure to file his post-trial motions properly does not result in the waiver of this issue; the legality of a sentence can never be waived. *Commonwealth v. Lawton,* 272 Pa.Super. 40, 414 A.2d 658 (1979).

An en banc panel of this court, in a thorough opinion written by now President Judge Cirillo, *Commonwealth v. Leon Williams,* 344 Pa.Super. 108, 496 A.2d 31 (1985), discussed the history and the application of the doctrine of merger. The *Williams* court teaches us that in order to find separate statutory offenses merge, the crimes must arise out of the same criminal act, transaction or episode. In addition, we must determine whether there are substantially different interests of the Commonwealth at stake and whether the defendant's conduct has injured each interest, in which the case there is no merger. *Id.,* 344 Pa.Superior Ct. at 127–28, 496 A.2d at 42.

■ Applying the *Williams* analysis to the facts of the case before us we note initially that there has been only one act, the setting of one fire. The two counts of arson for which he was convicted protect different interests of the Commonwealth, however, and therefore do not merge. A person commits arson endangering persons,[1] a first degree felony, if he causes a fire and thereby recklessly places another person, including (as in this case) a firefighter, in danger of death or bodily injury. The Appellant was convicted of arson endangering property,[2] a second degree felony, for causing a fire with the intent of damaging property to collect insurance for such loss. While both arson statutes protect property, one of the statutes protects human life, an interest distinct from protecting against insurance fraud. We conclude that there was no merger and that Appellant's sentence was a legal one.

Judgment of sentence affirmed. Case remanded to the trial court for a determination of whether post-trial motions were timely filed. Jurisdiction of the court retained, jurisdiction of this panel relinquished.

1. § 3301. Arson and related offenses.
   (a) Arson endangering persons.
   (1) A person committs a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another and if:
       (i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter police officer or other person actively engaged in fighting the fire.
                   *    *    *    *    *    *
   18 Pa.C.S.A. § 3301(a).

2. Arson endangering property.—A person commits a felony of the second degree if he intentionally starts a fire or causes an explosion, whether on his own property or that of another, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, and if:
       (1) he commits the act with intent of destroying or damaging a building or unoccuppied structure of another;
       (2) he thereby recklessly places an inhabited building or occupied structure of another in danger or destruction; or
       (3) he commits the act with intent of destroying or damaging any property, whether his own or of another, to collect insurance for such loss.
   18 Pa.C.S.A. § 3301(c).