663 A.2d 746

## COMMONWEALTH of Pennsylvania

v.

## Ana LOPEZ, Appellant.

Superior Court of Pennsylvania.

Submitted July 17, 1995.

Filed Aug. 15, 1995.

Linda F. Gerencser, Assistant Public Defender, Lancaster, for appellant.

Joseph C. Madenspacher, District Attorney, Lancaster, for the Commonwealth, appellee.

Before KELLY, JOHNSON and CERCONE, JJ.

KELLY, Judge:

In this appeal we are called upon to determine whether the trial court illegally sentenced appellant by imposing two consecutive terms of four to ten years imprisonment after she pled *nolo contendere* to two counts of arson endangering persons pursuant to 18 Pa.C.S.A. § 3301(a)(1)(i) and 18 Pa. C.S.A. § 3301(a)(1)(ii) for setting fire to a single residential property. We reverse and remand for resentencing.

The relevant facts and procedural history of this appeal are as follows. On May 21, 1994, appellant set fire to the residence of Jacob and Margaret Shultz in Lancaster, Pennsylvania. Although no one was injured, the fire caused extensive damage to the Shultz's home. On January 10, 1995, appellant pled *nolo contendere* to two counts of arson endangering persons under 18 Pa.C.S.A. § 3301(a)(1)(i) and 18 Pa.C.S.A. § 3301(a)(1)(ii). On May 1, 1995, at the sentencing hearing, appellant's counsel moved for a merger of the sentences. The trial court denied the motion and sentenced appellant to an aggregate term of eight to twenty years incarceration. Specifically, appellant was sentenced consecutively to four to ten years incarceration pursuant to 18 Pa.C.S.A. § 3301(a)(1)(i) and four to ten years incarceration pursuant to 18 Pa.C.S.A.

§ 3301(a)(1)(ii). Appellant appeals the legality and discretionary aspects of this sentence.

On appeal, appellant raises the following issues:

I. DID THE COURT ERR IN IMPOSING TWO SEPARATE SENTENCES FOR SAME–EPISODE CONDUCT CONSTITUTING A VIOLATION OF "ARSON ENDANGERING PERSONS" UNDER 18 PA.C.S. 3301(a)(1)(i) & (ii)?

II. WAS THE COURT'S SENTENCE [OF] EIGHT YEARS TO TWENTY YEARS SO MANIFESTLY EXCESSIVE AS TO CONSTITUTE AN ABUSE OF DISCRETION?

III. DID THE COURT FAIL TO STATE ON THE RECORD ANY FACTOR WHICH COULD JUSTIFY A SENTENCE IN THE AGGRAVATED RANGE OF THE SENTENCING GUIDELINES?

(Appellant's Brief at 3).

Appellant first argues that the trial court erred in its interpretation of 18 Pa.C.S.A. § 3301(a), which provides as follows:

**3301. Arson and related offenses**

**(a) Arson endangering persons.—**

(1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:

(i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire; or

(ii) he commits the act with the purpose of destroying or damaging an inhabited building or occupied structure of another.

(2) A person who commits arson endangering persons is guilty of murder of the second degree if the fire or

explosion causes the death of any person, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire, and is guilty of murder of the first degree if the fire or explosion causes the death of any person and was set with the purpose of causing the death of another person.

18 Pa.C.S.A. § 3301(a). Appellant argues that she cannot be sentenced to consecutive terms for violations of both 18 Pa. C.S.A. § 3301(a)(1)(i) and 18 Pa.C.S.A. § 3301(a)(1)(ii) because they are not themselves separate offenses, but rather are alternative means for satisfying 18 Pa.C.S.A. § 3301(a)(1). Therefore, appellant claims, the trial court imposed an illegal sentence. We agree.

■ Instantly, we note that appellant's failure to raise this issue before the sentencing court does not constitute a waiver of this issue on appeal. The legality of a sentence cannot be waived. *Commonwealth v. Anderson,* 434 Pa.Super. 309, 313, 643 A.2d 109, 111 (1994). Thus, we will address the merits of this claim, even though appellant raises it for the first time on appeal.

■ When interpreting a statute, the court must ascertain and effectuate the intent of the legislature and give full effect to each provision of the statute if at all possible. 1 Pa.C.S.A. § 1921(a); *Commonwealth v. Brown,* 423 Pa.Super. 264, 266, 620 A.2d 1213, 1214 (1993); *Commonwealth v. Edwards,* 384 Pa.Super. 454, 460, 559 A.2d 63, 66 (1989), *appeal denied,* 523 Pa. 640, 565 A.2d 1165 (1989). In construing a statute to determine its meaning, courts must first determine whether the issue may be resolved by reference to the express language of the statute, which is to be read according to the plain meaning of the words. 1 Pa.C.S.A. § 1903(a). *See Commonwealth v. Berryman,* 437 Pa.Super. 258, 649 A.2d 961 (1994) (*en banc*).

■ When construing one section of a statute, courts must read that section not by itself, but with reference to, and in light of, the other sections because there is a presumption that in drafting the statute, the General Assembly intended

the entire statute to be effective. 1 Pa.C.S.A. § 1922. *See Commonwealth v. Mayhue,* 536 Pa. 271, 307, 639 A.2d 421, 439 (1994); *Commonwealth v. Berryman, supra* at 268, 649 A.2d at 965. Statute headings may be considered in construing a statute. 1 Pa.C.S.A. § 1924. However, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.A. § 1921(b); *Commonwealth v. Reeb,* 406 Pa.Super. 28, 34, 593 A.2d 853, 856 (1991), *appeal denied,* 530 Pa. 665, 610 A.2d 45 (1992).

 In the present case, the Commonwealth argues that the trial court did not err in sentencing appellant to multiple sentences for her conviction of 18 Pa.C.S.A. § 3301(a)(1)(i) and 18 Pa.C.S.A. § 3301(a)(1)(ii), because the two provisions protect distinct and separate state interests. According to the Commonwealth, 18 Pa.C.S.A. § 3301(a)(1)(i) protects persons from fire whereas 18 Pa.C.S.A. § 3301(a)(1)(ii) protects property from fire. The Commonwealth cites *Commonwealth v. Colpo,* 367 Pa.Super. 223, 532 A.2d 870 (1987), for the proposition that statutory provisions that protect distinct Commonwealth interests do not merge for sentencing purposes. *Id.*

We note, however, that in *Commonwealth v. Colpo, supra,* the defendant was convicted of 18 Pa.C.S.A. § 3301(a), Arson Endangering Persons, and 18 Pa.C.S.A. § 3301(c), Arson Endangering Property. In order to effectuate the intent of the General Assembly, this Court in *Commonwealth v. Colpo, supra,* correctly held that 18 Pa.C.S.A. §§ 3301(a) and 3301(c) did not merge for sentencing purposes; we also concluded that these sections of the arson statute protect different state interests. In this case though, appellant was not convicted of violating both 18 Pa.C.S.A. § 3301(a) and (c), but rather was convicted of multiple counts of 18 Pa.C.S.A. § 3301(a). As indicated *infra,* we conclude that 18 Pa.C.S.A. § 3301(a) was only intended by the legislature to protect persons against fire, and not to protect property from fire. Accordingly, we believe that appellee's reliance on *Commonwealth v. Colpo, supra,* is misplaced.

The Commonwealth's reading of 18 Pa.C.S.A. § 3301(a) ignores the plain meaning of the statute. That section clearly states that a person is guilty of arson endangering persons if he "intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his property or on that of another, and if: (i) he thereby places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in lighting the fire; *or* (ii) he commits the act with the purpose of destroying or damaging an inhabited building or occupied structure of another." 18 Pa.C.S.A. § 3301(a) (emphasis added).

In *Commonwealth ex rel. Specter v. Vignola*, 446 Pa. 1, 5, 285 A.2d 869, 871 (1971), our Supreme Court held that the word "or," occurring in a statute, must be given its ordinary meaning unless such a construction would give a result which is absurd, impossible of execution, highly unreasonable, or tending to nullify the legislative intent. *Id.* "Thus, if the words of a statute indicate that the statute applies if A *or* B is true *or* C is true, and it is proven only that B is true, then the statute will apply." *Commonwealth v. Belcher*, 233 Pa.Super. 212, 217, 335 A.2d 505, 507 (1975) (citing *Garratt v. Philadelphia*, 387 Pa. 442, 127 A.2d 738 (1956) (emphasis in original).

Instantly, employing our Supreme Court's example, it is our conclusion that the word "or," used in its ordinary sense, indicates an alternative between two or more unlike actions. Applying that definition to 18 Pa.C.S.A. § 3301(a), we read the statute to mean that any person who *either* "recklessly places another person in danger of death or bodily injury" *or* "commits the act with the purpose of destroying or damaging an inhabited building or occupied structure of another" may be prosecuted for and convicted of committing arson endangering persons. However, it simply does not follow from this reading that a person who commits both of the above acts may be sentenced twice for arson endangering persons when only one criminal offense, *i.e.*, starting one fire, has been committed. Not only does such a reading ignore the plain meaning of the word "or," but if applied could raise grave constitutional

issues. *See Commonwealth v. Bostic,* 500 Pa. 345, 456 A.2d 1320 (1983) (intent of double jeopardy clause is to prevent courts from imposing more than one punishment under particular legislative enactment); *Commonwealth v. Ayala,* 492 Pa. 418, 424 A.2d 1260 (1981) (where, practically speaking, there was only one offense against Commonwealth, defendant may only be punished for one offense, despite number of chargeable offenses arising out of single transaction); *Commonwealth v. Williams,* 344 Pa.Super. 108, 496 A.2d 31 (1985) (same). Accordingly, because this Court must resolve a statutory issue by reference to the statute's express language, we hold that the trial court's reading of § 3301(a) was in error.

Furthermore, we do not agree with the Commonwealth's assertion that in drafting 18 Pa.C.S.A. § 3301(a)(1)(ii) the General Assembly intended to protect property from fire. In construing the intent of the legislature, this Court is permitted to consider statute headings. 1 Pa.C.S.A. § 1924. We again note that the heading for 18 Pa.C.S.A. § 3301(a) is "Arson Endangering Persons." We also note that the heading for 18 Pa.C.S.A. § 3301(c) is "Arson Endangering Property." Accordingly, it is our conclusion that the General Assembly intended for 18 Pa.C.S.A. § 3301(a) to protect persons from fire and 18 Pa.C.S.A. § 3301(c) to protect property from fire.[1]

While 18 Pa.C.S.A. § 3301(a)(1)(ii) does state that one who sets a fire "with the purpose of destroying or damaging an *inhabited* building or *occupied* structure of another" may be prosecuted for arson endangering persons, we do not believe that the mere mention of property in connection with fire proves that the General Assembly intended for 18 Pa.C.S.A. § 3301(a)(1)(ii) to protect property from fire. Rather, we

---

1. While this Court in *Commonwealth v. Colpo, supra* at 229, 532 A.2d at 873, stated that 18 Pa.C.S.A. § 3301(a) protects property, we do not believe that such a finding affects our conclusion that the statute was primarily intended to protect human life. As mentioned *infra,* the act of setting fire to an inhabited building is one inherently dangerous to persons, whether it be the inhabitants of the structure or the firefighters charged with extinguishing the fire. Thus, whatever protection 18 Pa.C.S.A. § 3301(a) affords, protection of property is only incidental to the statute's greater interest in protecting human life from the perils of fire.

conclude that the legislature included the above provisions in the arson endangering persons statute because the act of setting fire to a building is one inherently dangerous to persons. Additionally, we note that 18 Pa.C.S.A. § 3301(a)(1)(ii) only applies in cases where the defendant attempts to damage or destroy an "inhabited building" or "occupied structure." The legislature's specific inclusion of the words "inhabited" and "occupied" further supports the conclusion that the General Assembly intended for 18 Pa. C.S.A. § 3301(a) to protect persons from the dangers of fire.[2]

Moreover, the Commonwealth's reading of 18 Pa.C.S.A. § 3301(a) would in effect render 18 Pa.C.S.A. § 3301(c) a nullity. We can think of no reason why, if the General Assembly had intended for 18 Pa.C.S.A. § 3301(a) to protect both persons and property against fire, it would have labeled that section "Arson Endangering Persons" or would have ever bothered writing 18 Pa.C.S.A. § 3301(c). To read 18 Pa. C.S.A. § 3301(a) as the Commonwealth suggests would require this Court to ignore a section of the arson statute intended by the General Assembly to be the law of this Commonwealth; something we refuse to do. *See* 1 Pa.C.S.A. § 1922 (stating that there is a presumption that the General Assembly intended the entire statute to be effective).

For the foregoing reasons, we conclude that the trial court's reading of 18 Pa.C.S.A. § 3301(a) was erroneous. Appellant's sentence as imposed is illegal. Because this issue is dispositive of this case, we see no reason to address appellant's other issues. Thus, we reverse and remand for resentencing.

Judgment of sentence reversed; case remanded. Jurisdiction relinquished.

2. To further support our conclusion that 18 Pa.C.S.A. § 3301(a) was intended to protect persons from fire and § 3301(c) property from fire, we note that one of the elements of arson endangering property is the "intent to destroy or damage an *unoccupied* structure of another." 18 Pa.C.S.A. § 3301(c) (emphasis added). The General Assembly's express designation of *unoccupied* structures—especially when compared to the express language of 18 Pa.C.S.A. § 3301(a)—strongly suggests that the legislature's intent in drafting 18 Pa.C.S.A. § 3301(c) was to protect the Commonwealth's interest in the safety of property from fires.