J-S17021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: T.W., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: T.W., A MINOR, | |
| Appellant | No. 733 WDA 2014 |

Appeal from the Dispositional Order April 7, 2014
In the Court of Common Pleas of Allegheny  County
Juvenile Division at No(s): 1409-98

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED MAY 1, 2015**

Appellant, T.W., appeals from the April 7, 2014 dispositional order entered by the Allegheny County Court of Common Pleas.  Although we find Appellant's challenge to the sufficiency of the evidence lacking in merit, we remand to give Appellant the opportunity to file a post-dispositional motion *nunc pro tunc* challenging the weight of the evidence.

The juvenile court summarized the facts of the case, as follows:

> Homestead Police Officers were conducting surveillance of a house known to be the sales location for a specific brand of stamped heroin called AR15.  Trial Transcript 04/01/2014 pp. 10-11.  The officers obtained information from two separate sources that an individual by the name of Dorian Richardson Serrano, the subject of an eventual search warrant, was selling heroin out of that same house.  *Id*. at 10, 35.  The officers

---

[*]  Former Justice specially assigned to the Superior Court.

obtained a search warrant and executed said warrant on February 10, 2014 at approximately 4:00 p.m. at the known heroin location. *Id*. at 12. Several officers knocked and announced their presence at the house. When there was no response, one officer breached the door with the batting [sic] ram. *Id*. at 13, 74. The officers went into the house and began questioning the female sitting in the living room. They then began to search the house while calling out "police" and "search warrant." From the search, it was unclear who lived in the house. *Id*. at 43. Officer Matt Fusco was the first or second officer into the house where Appellant was located while Officer Ronald DePelligrin was behind Officer Fusco when entering the house and subsequently the back bedroom. Both officers saw four male juveniles in the back bedroom of the house, one being Appellant. *Id*. at 14-16, 47. Officer Fusco saw what was later determined to be a replica or BB gun lying on the floor in the middle of the room, thus he did not enter the room right away, but remained in the doorway. When Officer Fusco looked into the room one individual was sitting in the middle of the bed, one individual was sitting in the corner of the room, both with their hands raised upon seeing Officer Fusco and Appellant and his co-defendant were sitting on the edge of the bed leaning into the closet, both with at least one hand in the closet. Both Appellant and his co-defendant were bending down near the bottom of the closet moving their arms back and forth in a motion consistent with moving items. *Id*. at 52, 54-56, 79. Officer Fusco ordered Appellant and his co-defendant to put their hands up and they complied. The officers secured or detained the males in the room and then they were handcuffed and moved from the bedroom one by one. Officer DePelligrin searched the closet and Officer Fusco searched the other side of the small bedroom. *Id*. at 16, 49, 64. Officer DePelligrin found 6.21 grams of heroin and drug paraphernalia on the bottom of the closet, towards the top of the items in the closet, but settled down a bit. *Id.* at 21-23, 27, 70. A .38 Special caliber Ruger revolver, a .380 auto caliber Bersa pistol and a "magazine," and four .380 caliber cartridges were also found in the bottom of the closet and were in plain view to Officer Fusco. The firearms were both found to be in good operating condition. *Id*. at 60, 67-68.

Juvenile Court Opinion, 9/19/14, at 2–4.

A juvenile petition filed on February 13, 2014, charged Appellant with one count of receiving stolen property, two counts of carrying a firearm without a license, one count of possession of heroin, one count of possession with intent to deliver heroin, and three counts of criminal conspiracy. The juvenile court held a delinquency hearing for Appellant and his co-defendant, R.P., on April 1, 2014. Appellant was adjudicated delinquent of one count of carrying a firearm without a license and one count of possession of heroin, and disposition was deferred.

On April 7, 2014, the juvenile court held a dispositional hearing following which Appellant was ordered to remain committed to the McKeesport Community Intensive Supervision Program ("CISP").[1] That same day, privately retained counsel withdrew. The juvenile court appointed new counsel, who filed a timely notice of appeal to this Court on May 7, 2014. Both Appellant and the juvenile court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

I. Whether the evidence presented at trial by the Commonwealth was insufficient to establish, beyond a reasonable doubt that the Appellant was delinquent of Carrying a Firearm with [sic] a License and Possession of a Controlled substance?

II. Whether the adjudication of delinquency was against the weight of the evidence presented at trial?

Appellant's Brief at 3.

---

[1] Appellant had been committed to CISP on March 17, 2014.

J-S17021-15

Our standard of review of dispositional orders in juvenile proceedings is settled. The Juvenile Act grants broad discretion to juvenile courts in determining appropriate dispositions. *In re C.A.G.*, 89 A.3d 704, 709 (Pa. Super. 2014). Indeed, the Superior Court will not disturb the lower court's disposition absent a manifest abuse of discretion. *In the Interest of J.D.*, 798 A.2d 210, 213 (Pa. Super. 2002).

Appellant first argues that there was insufficient evidence to find that he committed the delinquent acts of carrying a firearm without a license and possession of heroin. Appellant's Brief at 10. Specifically, Appellant alleges that the Commonwealth failed to provide sufficient evidence that Appellant carried an unlicensed firearm on his person and failed to establish that he had dominion or control of the heroin to support a finding of constructive possession. *Id*. at 9.[2] We will address these arguments in reverse order.

In evaluating a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, our standard of review is as follows:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of

---

[2] While the concise statement Appellant filed pursuant to Pa.R.A.P. 1925 is lacking in particularity regarding the sufficiency of the evidence supporting the conviction for possession of heroin, we conclude that the issue is sufficiently suggested thereby, and we do not find the claim waived. Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.[A.]P. 1925(b), 5/21/14, at 3.

- 4 -

delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.

In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re V.C.*, 66 A.3d 341, 348-349 (Pa. Super. 2013) (quoting *In re A.V.*, 48 A.3d 1251, 1252–1253 (Pa. Super. 2012)). The finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Gainer*, 7 A.3d 291, 292 (Pa. Super. 2010).

We address Appellant's contention that the evidence was insufficient to support his conviction of possession of heroin. We note that because the heroin was not found on Appellant's person, the Commonwealth was required to prove constructive possession to establish the offense. *Commonwealth v. Estepp*, 17 A.3d 939, 944 (Pa. Super. 2011).

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control.

- 5 -

> To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super. 2012) (internal quotation marks and citation omitted). Additionally, it is possible for two people to have joint constructive possession of an item of contraband. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820–821 (Pa. Super. 2013). Appellant posits that he did not have constructive possession of the heroin found in the closet. For the reasons that follow, our review of the record compels the contrary conclusion.

Appellant contends that the instant case is "factually more analogous" to ***Commonwealth v. Valette***, 613 A.2d 548 (Pa. 1992). Appellant's Brief at 15. In truth, ***Valette*** is factually dissimilar to the instant case. There, the appellant was sitting in the living room when police entered to execute a search warrant. In a second-floor bedroom of the two-floor apartment, police discovered a closed briefcase hidden beneath floorboards containing 283 grams of cocaine, a sifter, plastic bags, and a cellular telephone. Police found identification for other individuals in the apartment, but found none for the appellant. Nothing incriminating was found within the room where the appellant was situated at the time of the raid, and no contraband was found on his person. ***Id***. at 549. Thus, we reject Appellant's suggestion that ***Valette*** supports his position.

In the present case, Appellant was with three other male juveniles in a bedroom on the first floor of a converted house in Homestead, Pennsylvania,

when police executed a search warrant based on drug activity previously observed at the residence. N.T., 4/1/14, at 10–11. Homestead Police Officer Ronald DePelligrin testified that he and six other police officers executed the warrant on February 10, 2014. *Id*. at 6, 12. Homestead Detective Matt Fusco testified that two of the juveniles were brothers who resided at the house and were known to him. *Id*. at 50, 52. The other two juveniles in the room were Appellant and R.P., Appellant's co-defendant, and they did not live at the house. *Id*. at 50–53. Appellant and R.P. were leaning into the closet, bent down to the floor, with their heads, torsos, and right arms in the closet. *Id*. at 55–58. Appellant's right arm up "to his bicep[]" was in the closet. *Id*. at 58. Their arms were moving back and forth in the bottom of the closet making motions consistent with an attempt to conceal items in the clothes and other objects strewn across the closet floor. *Id*. at 18, 54, 59. In comparison, the other two males already had their hands up when Officer Fusco entered the bedroom. *Id*. at 52.

Officer DePelligrin searched the left half of the room, which included the closet, and Detective Fusco searched the right half, which included the bed. N.T., 4/1/14, at 17, 60. Amidst the clutter on the closet floor, Officer DePelligrin found two firearms on the left side and two bundles of heroin toward the center. *Id*. at 18.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, it can be inferred that Appellant and his companions heard

the commotion caused by the police breaking in the door and shouting that they were executing a search warrant. It also can be reasonably inferred that Appellant and R.P. were attempting to secrete the drugs when police arrived at the bedroom door and observed them with their arms in the closet making motions consistent with hiding something. This raises a clear inference of constructive possession, as it demonstrated Appellant's ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control. **Commonwealth v. Johnson**, 26 A.3d 381, 1093–1094 (Pa. 2011) (intent to maintain conscious dominion may be inferred from totality of the circumstances).

The juvenile court analyzed the evidence and found that it supported the conclusion "that Appellant and his co-defendant had equal access and control over the contraband . . . ." Juvenile Court Opinion, 9/19/14 at 6. The juvenile court continued, "The Commonwealth offered a lab report identifying what was found in that closet as heroin. Further, the Commonwealth proved Appellant's constructive possession of the heroin through his access and proximity to the heroin and his movements demonstrating both intent and ability to assert control over the controlled substance." **Id**. We agree with the juvenile court and reject Appellant's claim.

We next address Appellant's argument that there is insufficient evidence of record to support his conviction of carrying a firearm without a

license. The pertinent statutory provision of the Pennsylvania Uniform Firearms Act provides, in relevant part, as follows:

**§ 6106. Firearms not to be carried without a license**

**(a) Offense defined.--**

(1) Except as provided in paragraph (2) [irrelevant to the instant case], any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1).

Pursuant to 18 Pa.C.S. § 6106(a)(1), the Commonwealth was required to establish that either Appellant carried a firearm in a vehicle; or carried a firearm concealed on or about his person when he was not in his home or place of business; and that he did not have a license to carry a firearm. Appellant challenges only the Commonwealth's alleged failure to prove "that the firearm[] [was] concealed on or about his person." Appellant's Brief at 11–12.

Utilizing the same constructive-possession analysis it advanced in support of Appellant's claim that insufficient evidence supported his conviction for possession of heroin, the juvenile court found as follows:

The Commonwealth proved, at trial, through the credible testimony of the police officers and the admitted lab reports that the weapons found in the closet of the bedroom were operable firearms capable of firing the ammunition for which it was manufactured. Trial testimony also supported that Appellant was not the age of majority, and thus could not have a license to

- 9 -

the firearms found in the bedroom closet. Further, it was determined through testimony that at least one of the weapons was stolen. Because the weapons were not found on the Appellant's person, the Commonwealth argued that there was constructive possession, or that Appellant had both the intent and ability to control the firearm.

Juvenile Court Opinion, 9/19/14, at 4–5. The juvenile court found that "the surrounding facts strongly support[ed]" its conclusion that Appellant had constructive possession of the firearm. *Id*. at 6.

The juvenile court relied on **Commonwealth v. Smith**, 392 A.2d 727 (Pa. Super. 1978), to support its constructive-possession conclusion.[3] In **Smith**, the defendant secreted a loaded pistol and drugs in a bag on a public street. The paper bag was merely "in proximity" to the appellant, in that it was on the pavement where the appellant was standing. The arresting officer observed the appellant bend down near his left foot and then resume a standing position. We concluded that this testimony "convincingly demonstrated the requisite power and intent to control the contraband upon which the convictions are based." *Id*. at 729.

In the case *sub judice*, the firearm, without doubt, was not found in a vehicle. It also is not disputed that the apartment was not Appellant's place of abode, the gun indeed was a firearm, and due to Appellant's minority, he

---

[3] We acknowledge that the conviction in **Smith** was pursuant to the now-repealed statute of carrying a firearm in public without a license. Nevertheless, the court's analysis in that case is relevant to demonstrate the requisite power and intent to control the contraband upon which the convictions were based. *Id*. at 729.

could not possess a license for a firearm. Thus, the remaining words of the statute required proof that Appellant concealed the firearm on **or about** his person. 18 Pa.C.S. § 6106(a)(1)(emphasis added). Merriam–Webster's Dictionary defines "about" as "reasonably close to" and "in the vicinity." Merriam–Webster's Online Dictionary, http://www.merriam-webster.com/dictionary/about. Webster's New Universal Unabridged Dictionary defines "about" as "near; close to." Webster's New Universal Unabridged Dictionary 6 (1996). The Commonwealth's demonstration that Appellant constructively possessed the firearms by showing his ability to exercise conscious control or dominion over them and the intent to exercise that control is sufficient to prove the weapons were concealed "about the person" as required by 18 Pa.C.S. § 6106.

In interpreting statutes, this Court has established, "When the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning." **Commonwealth v. Ostrosky**, 866 A.2d 423, 427 (Pa. Super. 2005) (citation omitted); 1 Pa.C.S. § 1903(a). In **Commonwealth v. Lopez**, 663 A.2d 746 (Pa. Super. 1995), we reiterated our Supreme Court's admonition that the word "or" occurring in a statute must be given its ordinary meaning unless such a construction would give a result which is absurd, impossible of execution, highly unreasonable, or tending to nullify the legislative intent. **Id**. at 749. **See also Commonwealth v. Diodoro**, 970 A.2d 1100, 1107 (Pa. 2009)

(statute utilizing disjunctive "or" was purposeful use by General Assembly, and the terms so connected "were meant to have different applications.").

Here, the Commonwealth presented evidence showing that Appellant had both the power to control the firearm and intent to exercise that control through the testimony of Officer DePelligrin and Detective Fusco. The officers observed Appellant and R.P. with their arms in the closet making motions consistent with hiding something. This raised a clear inference of constructive possession, as it demonstrated Appellant's ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control. *Johnson*, 26 A.3d at 1093–1094 (intent to maintain conscious dominion may be inferred from totality of the circumstances). Thus, we agree with the juvenile court that there was sufficient evidence to support Appellant's adjudication for carrying a firearm without a license.

Appellant's final issue assails the weight of the evidence. He contends that the trial court abused its discretion when it concluded that aspects of Appellant's testimony were not credible. This Court applies the same standard for reviewing weight-of-the-evidence claims in juvenile cases as those involving adults. *In re R.N.*, 951 A.2d 363, 370 (Pa. Super. 2008), called into question on other grounds, *In re J.B.*, 106 A.3d 76 (Pa. 2014).

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011). "An appellate court, therefore,

reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence." *Id*. at 609. A weight-of-the-evidence claim is waived for failure to raise the issue in the trial court. Pa.R.Crim.P. 607(A); ***Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014) (quoting ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012)).

While Pa.R.Crim.P. 607(A) specifies that weight-of-the-evidence claims in criminal proceedings are waived unless they are raised with the trial court in a motion for a new trial, "the Pennsylvania Rules of Juvenile Procedure have no counterpart requiring the same manner of preservation." ***In re J.B.***, 106 A.3d 76, 91 (Pa. 2014). Indeed, "the current Rules of Juvenile Court Procedure—which 'govern delinquency proceedings in all courts'—are utterly silent as to how a weight of the evidence claim must be presented to the juvenile court so that it may rule on the claim in the first instance, which is . . . a necessary prerequisite for appellate review." *Id*. at 98 (footnote omitted). Pa.R.J.C.P. 620(A)(2), governs the filing of what it expressly designates as an "optional post-dispositional motion." ***See*** Pa.R.J.C.P. 620(A)(2) ("Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues.").

Similarly to the juvenile in ***In re J.B.***, Appellant in the case *sub judice* "faced procedural rules that made optional the filing of a post-dispositional

motion, and which did not otherwise specify how a weight of the evidence claim was to be presented in the first instance to the juvenile court in order to preserve it for appellate review." *In re J.B.*, 106 A.3d at 98.  Also, as did the juvenile in *J.B.*, Appellant herein presented his weight-of-the-evidence claim to the trial court by first raising it in his Pa.R.A.P. 1925(b) statement. *Id*.  Just as the juvenile court did in *In re J.B.*, the instant juvenile court considered Appellant's weight-of-the-evidence claim and ruled on it in the Pa.R.A.P. 1925(a) opinion.  Trial Court Opinion, 9/19/14, at 7–8.  However, our Supreme Court held in *In re J.B.*:

> In sum, because we conclude that finding J.B.'s weight of the evidence claim to be waived under these circumstances would be manifestly unjust—a state of affairs our Court recognized in [*Commonwealth v.*] *Widmer*, [689 A.2d 211, 212 (1997)] was unacceptable—principles of fundamental justice and sound reason counsel that our Court take the same prudent path in the instant matter, and remand this matter to the juvenile court to allow J.B. to file a post-dispositional motion *nunc pro tunc*.

*In re J.B.*, 106 A.3d at 99.

In the present case, Appellant did not file an optional post-disposition motion pursuant to Pa.R.J.C.P. 620 alleging that the verdict was against the weight of the evidence.  Despite this omission, the juvenile court considered the claim in its Pa.R.A.P. 1925(a) opinion.  The Commonwealth, although acknowledging the language and holding of *In re J.B.*, suggests that since the juvenile court herein addressed the issue, this Court should address it as well.  As noted above, however, our Supreme Court considered this very fact

in *In re J.B.* but concluded that the matter must be remanded to the juvenile court to allow the juvenile to file a post-dispositional motion *nunc pro tunc*. *In re J.B.*, 106 A.3d at 99. Although we recognize the inherent redundancy of such an approach because the juvenile court has already addressed the weight of the evidence in its Pa.R.A.P. 1925(a) opinion, we are compelled by controlling precedent to do the same.

Therefore, we conclude the evidence of record was sufficient to support Appellant's adjudication of delinquency with regard to possession of heroin and carrying a firearm without a license. We remand to the juvenile court, however, to allow Appellant to file a post-dispositional motion *nunc pro tunc*.

Case remanded for proceedings consistent with this Memorandum. Jurisdiction is relinquished.

P.J. Gantman joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2015