## Commonwealth v. Learn.

*Game laws—Elk—Killing as act of mercy—Possession of elk's teeth—Act of June 7, 1917.*

The 19th section of the Act of June 7, 1917, P. L. 572, making it illegal to kill elk, and providing punishment for violation thereof, contemplates and makes unlawful only the intentional killing, wounding or capturing of elk. Where an elk has been maimed by a railroad train, the killing of it to end its suffering is an act of mercy which should be commended. The possession of elk's teeth by one who killed it, under such circumstances, is not a misdemeanor punishable under the 19th section of the act.

Appeal from judgment of justice of the peace. C. P. Monroe Co., Misc. Docket.

*C. H. Rhodes,* District Attorney, for plaintiff; *F. J. Mervine,* for defendant.

SHULL, P. J., July 24, 1922.—This matter comes before the court on an appeal from the judgment of P. M. Nilis, justice of the peace. In this case the information sets forth "That on Jan. 26, 1920, and at divers times thereafter, in the Township of Coolbaugh, County of Monroe and State of Pennsylvania, one John Learn, of the township aforesaid, unlawfully had in his possession two teeth, the part of an elk killed in the county aforesaid on Jan. 26, 1920, contrary to section 19 of an Act of General Assembly of the Commonwealth of Pennsylvania, approved June 7, 1917, entitled "An act to provide for the protection and preservation of game, game quadrupeds and game birds and song and insectivorous and other wild birds, and prescribing penalties for the violation of its several provisions.' "

The 19th section of the Act of Assembly of June 7, 1917, P. L. 572, 586, provides as follows: "Section 19. It shall be unlawful for any person to kill or wound or capture, or to attempt to kill or wound or capture, any wapiti or elk found in a wild state in this Commonwealth; or to have such wapiti or elk, or any part thereof, in possession before the 1st day of December, 1921." To find the defendant guilty under that section of the Act of June 7, 1917, P. L. 572, it would be necessary to find that the elk had been unlawfully

Commonwealth *v.* Learn.

killed. As we view it, that portion of section 19 which reads "or have such wapiti or elk, or any part thereof, in possession before the 1st day of December, etc.," relates to the entire portion of section 19 preceding it. Surely it could not be held that any one could have in possession an elk found in its wild state in this Commonwealth unless such elk had come into possession of the individual through capture, by wounding, or otherwise, or after having been killed, and the killing of an elk is not unlawful *per se,* but becomes unlawful only when prohibited by statute. The statute in question provides that it shall be unlawful for any person to kill, wound or capture. To us, this seems perfectly clear that, so far as this section (*i. e.,* section 19) of the statute is concerned, it contemplates and makes unlawful only the intentional killing, wounding or capturing of an elk, and we cannot read into it any accidental killing not done by a person or individual, and, so far as the 19th section of this act is concerned, the possession prohibited by it relates to elks in a wild state within this Commonwealth unlawfully killed, as in that section provided.

Under the evidence in this case, it was established by the Commonwealth that two cow elk were struck by an engine pulling a railroad train on the Delaware, Lackawanna & Western Railroad; one was killed outright, the other one maimed, and, as one of the Commonwealth's witnesses expressed it, John Learn, the defendant, put it out of its misery by shooting it. Surely the shooting of an elk badly maimed by a railroad train, and thus ending its suffering, is not a misdemeanor within the meaning of this statute.

From the evidence in this case it appears to us that the shooting of an elk struck by a railroad train and injured as this elk is described to have been injured by the witnesses of the Commonwealth, and by the defendant, is not an unlawful killing within the provisions of the 19th section of the Act of 1917, but is an act of mercy for which the defendant should rather be commended than condemned. The Commonwealth made no complaint as to the killing, and should have brought its complaint for the possession under the proper section of the act.

In this case, as we view it, the remedy of the Commonwealth was under section 28 of the Act of June 7, 1917, P. L. 572, 591, and not under the highly penal section 19, which has for its basis the injury done to the Commonwealth by the unlawful killing, wounding or capturing of an elk. And, again, if the ownership and right of possession of these teeth is in the Commonwealth, and on this question we do not at this time pass, they have a civil remedy to recover the possession of them.

At the time this case was called for hearing, a motion was made to quash the proceedings by reason of the insufficiency of the information. This motion was overruled by the court. As we viewed it then, the proper remedy to take advantage of such defect would have been by *certiorari* rather than by appeal; still, in view of the case of Com. *v.* Moller, 50 Pa. Superior Ct. 366, we have the right to consider and dispose of that question on appeal, and, as we view it now, the motion to quash should have been sustained, and if we were passing on it at this time, we would so hold.

As to the testimony in this case, we may consider it only as it applies to an offence under the 19th section of the Act of 1917. We cannot find in the testimony sufficient to sustain a conviction under that section, and, therefore, are of the opinion that the judgment of the justice of the peace should be reversed.

And now, July 24, 1922, judgment reversed and defendant found not guilty.

From C. C. Shull, Stroudsburg, Pa.