559 A.2d 63

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Ronald EDWARDS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 7, 1989.

Filed May 15, 1989.

Petition for Allowance of Appeal
Denied Oct. 19, 1989.

Allen C. Welch, Clearfield, for appellant.

Matthew R. Gover, Assistant District Attorney, Harrisburg, for the Com., appellee.

Before McEWEN, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

In this case of first impression, Ronald Edwards appeals from the judgment of sentence entered on July 20, 1988, by the Dauphin County Court of Common Pleas, following his conviction under 75 Pa.C.S.A. § 3742, for failing to stop his vehicle after being involved in an accident resulting in serious bodily injury. Pursuant to one of the sentencing provisions of the statute, § 3742(b)(3), the court sentenced the appellant to a period of incarceration of ninety (90) days (the mandatory minimum) to one year and ordered him to pay a fine of one hundred ($100) dollars. However, we find that § 3742(b)(3) is inapplicable presently, and we remand for resentencing in accordance with this opinion.

This case was called to trial on October 5, 1987. Prior to trial on the charge *sub judice*, the appellant pleaded guilty to the charges of false report to law enforcement agency, 18 Pa.C.S.A. § 4906, and driving while operating privilege is suspended or revoked, 75 Pa.C.S.A. § 1543(a). On April 24, 1987, a five-car accident occurred on Interstate 83 in Dauphin County. At the time of the accident, traffic was heavy, and the road surface was wet from rain. Shortly after 1:30 p.m., the appellant was passing another vehicle when he lost control of the Pontiac Fiero he was driving. His car fishtailed on the wet road surface, hit the center guard-rail, spun across both lanes of the interstate and came to rest in the right hand lane perpendicular to the road, thus, causing the chain-reaction accident.

At trial, John Reinhart testified that he was on his way to work when a silver Fiero passed him in the left lane. After the Fiero completed the pass, he observed the car spin and hit the guard-rail. To avoid colliding with the Fiero, Mr. Reinhart was forced off the highway onto the right hand berm. After witnessing the multi-car collision that followed, Mr. Reinhart watched the appellant leave the accident scene. He took down the Fiero's license plate number, and he then reported the incident to the police, describing both the Fiero and the appellant.

Carol Cardosi was operating the car behind the appellant. She testified that she saw the Pontiac Fiero spin out of control and, in an attempt to avoid being hit, slowed down. However, her car was hit from behind and pushed along the highway. She also testified that, after her car came to rest, she saw the Fiero leave the scene. While Ms. Cardosi could not remember if her car made contact with the appellant's, Janice Roadcap, a State Police chemist, testified that traces of silver paint found on the door of the Cardosi car were "microscopically similar" to the top layer of paint on the Fiero driven by the appellant.

Professor Heinz Hosch, his wife and two daughters, Heidi and Pamela, were in the vehicle following Carol Cardosi. When Professor Hosch saw the appellant lose control, he applied his brakes. He testified that he "didn't anticipate any problems until we were struck by a truck from behind." (N.T., Vol. I, 79) A Volvo delivery truck struck the rear of the Hosch vehicle, pushing it into the Cardosi vehicle. The collision with the truck caused severe injuries to the Hosch daughters who were riding in the back seat of the car. Heidi Hosch suffered permanent damage to her left eye, and Pamela Hosch suffered permanent brain damage.

The investigating officer, Trooper Hare, testified that George Kujat was the operator of the delivery truck. At the scene, Mr. Kujat told Trooper Hare that, after seeing brake lights ahead of him, he attempted to stop but was unable to do so prior to colliding with the rear of the Hosch vehicle. He also told the officer that his truck was hit in the rear by another vehicle. The trooper testified that Mr. Kujat was cited for driving at an unsafe speed. Mr. Kujat later pleaded guilty to the charge.

Linda Felo, the owner of the Fiero which the appellant was operating, testified that the appellant admitted to her that he had been involved in an accident on that date.

Based on the foregoing, the appellant was found guilty by a jury of the charge of accidents involving death or personal injury, 75 Pa.S.C.A. § 3742(a). The appellant filed timely post-trial motions which were denied. On July 20,

1988, the appellant was sentenced pursuant to 75 Pa.C.S.A. § 3742(b)(3). The appellant then filed a motion to modify sentence which was denied.

On appeal, the appellant raises the following questions which were properly preserved via his post-trial motions and his motion to modify sentence:

1. Is 75 Pa.C.S.A. § 3742 void for vagueness, due to its failure to define "material contribution" as found in § 3742(b)(3)?

2. Was the appellant denied due process when the issue of "material contribution" was not submitted to the jury?

3. Was the evidence sufficient to prove that the appellant was aware of an accident involving the Hosch vehicle?

4. Was the evidence sufficient to show that the appellant "materially contributed" to the injuries sustained by the passengers of the Hosch vehicle?

As previously stated, the appellant was found guilty by the jury of violating § 3742(a) of the Vehicle Code which provides:

**(a) General rule.**—The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

The statute also contains a specific penalty section which, in pertinent part, provides:

**(b) Penalties.—**

(1) Except as otherwise provided in this section, any person violating this section commits a misdemeanor of the third degree.

(2) If the victim suffers a serious bodily injury or death, any person violating subsection (a) commits a misdemeanor of the first degree.

(3) If the violation of subsection (a) materially contributes to any serious bodily injury suffered by the victim, any person violating subsection (a) commits a misdemeanor of the first degree and shall, upon conviction, be sentenced to pay a fine of not more than $10,000 and to imprisonment for not less than 90 days nor more than five years.

In response to the appellant's brief, the Commonwealth asserts that § 3742 is not unconstitutionally vague. However, the Commonwealth agrees that, when the Commonwealth plans to proceed pursuant to the mandatory sentencing subsection, § 3742(b)(3), "material contribution" becomes an element of the crime and must be presented to the jury. Presently, the Commonwealth concedes that the appellant's violation of § 3742(a) did not "materially contribute to any serious bodily injury suffered by the victim[s]." In his reply brief, the appellant then withdrew issues three and four, regarding the sufficiency of the evidence.

Thus, we must first determine whether § 3742 is unconstitutionally vague because it does not define "material contribution." If we find that the statute is not unconstitutionally vague, then we must determine whether the issue of "material contribution" must be submitted to the jury.

█ First, we find that the statute is not unconstitutionally vague. § 3742(a) is clear on its face. A person is guilty of the offense if he is involved in an accident which results in the injury or death of any person and thereafter does not stop and comply with the requirements of 75 Pa.C.S.A. § 3744—Duty to give information and render aid.[1]

1. 75 Pa.C.S.A. § 3744, Duty to give information and render aid, provides:

(a) **General Rule.**—The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, and shall upon request exhibit his driver's license and information relating to financial responsibility to any

Equally clear is the penalty section of the statute, § 3742(b). Pursuant to § 3742(b)(1), a violation of § 3742(a) is a misdemeanor of the third degree. However, if a victim suffers serious bodily injury, the grade of the offense is increased to a misdemeanor of the first degree, § 3742(b)(2). Instantly, the appellant stipulated to the fact that the Hosch daughters suffered serious injuries. (N.T., Vol. II, p. 2–3) The statute further delineates those situations which warrant mandatory minimum sentences, § 3742(b)(3), (4). In accordance with § 3742(b)(3), if the defendant's act of violating subsection (a) "materially contributes" to any serious bodily injury of a victim, then the defendant is guilty of a misdemeanor of the first degree with a mandatory minimum sentence of ninety (90) days.

■ When interpreting a statute, the language must be construed according to its common and approved usage—in other words—its plain meaning, and interpreted in a manner to give effect to legislative intent. *Commonwealth v. Stanley*, 498 Pa. 326, 446 A.2d 583 (1982); *Commonwealth v. Mumma*, 489 Pa. 547, 414 A.2d 1026 (1980); *Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978); 1 Pa.C.S.A. § 1903 ("Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage."); *Commonwealth v. Duncan*, 456 Pa. 495, 321 A.2d 917 (1974); *Commonwealth v. Hess*, 270 Pa.Super. 501, 411 A.2d 830 (1979), appeal dismissed 499 Pa. 206, 452 A.2d 1011; 1 Pa.C.S.A. § 1921 ("The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.").

person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give the information and upon request exhibit the license and information relating to financial responsibility to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the injured person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if requested by the injured person.

As amended 1984, Feb. 12, P.O. 26, No. 11, § 4, effective Oct. 1, 1984.

■ Instantly, the appellant contends the words "materially contributes" are vague. *Black's Law Dictionary* defines "material" as "Important; more of less necessary; having influence or effect; ..." 880 5th Ed.1979. *Black's* defines "contribute" as "To lend assistance or aid, or give something, to a common purpose; to have a share in any act or effect; ..." 297 5th Ed.1979. Combining these two terms, "materially contributes" means having a necessary influence or effect. When applying this definition of "materially contributes" in the instant context, a person is guilty of violating § 3742(b)(3), if his act of fleeing the scene of the accident necessarily caused or influenced (exacerbated) the serious bodily injury suffered by the victim.

This interpretation of § 3742(b)(3) is supported by our review of the statute's legislative history. During the House debate on § 3742, Representative Dennis O'Brien of Philadelphia, the amendment's sponsor, stated:

> Mr. Speaker, this amendment provides for stiffer penalties for leaving the scene of an accident involving death or serious bodily injury. The purpose of this amendment is not to punish the accident but to get tough with the hit and run drivers who leave mangled bodies along the roadside rather than secure the required medical attention....

> The penalties are as follows: ... The third category would be where the driver's failure to stop results in the victim not receiving immediate medical attention, and that would provide for a first degree misdemeanor with a mandatory 90 days in prison and a maximum sentence of 5 years and a maximum fine of $10,000.

31 *Legislative Journal*, 2003, 2004 (October 6, 1986). A review of the debate concerning the amendment of § 3742 into its present form clearly reveals the legislature's intention to gradate the punishment for leaving the scene of an accident not only dependent upon the severity of a victim's injuries (§ 3742(b)(1), (2)) but also in relation to the effect which the defendant's flight from the scene had on those injuries (§ 3742(b)(3), (4)).

■ Having determined that § 3742 is not unconstitutionally vague, we turn our attention to whether the issue of "material contribution" should be submitted to the jury. Fundamental to our system of criminal justice is the proposition that a person charged with a crime is presumed innocent. Due process requires that the Commonwealth bear the burden of proving beyond a reasonable doubt each element of the crime of which the defendant is charged. If the Commonwealth does not sustain this burden then the defendant must be acquitted. *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Commonwealth v. McGuire,* 487 Pa. 208, 409 A.2d 313 (1979); *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974).

Applying these principles to a prosecution pursuant to § 3742 of the Vehicle Code, we are convinced that "material contribution" is an element of the crime if the Commonwealth plans to prosecute under § 3742(b)(3). Under those circumstances, the question of whether the defendant's act of violating § 3742(a) materially contributed to the serious bodily injury suffered by the victim must be submitted to the jury. The Commonwealth bears the burden of proving beyond a reasonable doubt that the defendant's flight "materially contributed" to the victim's serious injuries.[2]

Instantly, there is no dispute that the victims suffered serious bodily injuries. Likewise, there is no dispute that the issue of "material contribution" should have been submitted to the jury but was not. While that would ordinarily require this court to vacate the judgment of sentence and remand for a new trial, it is not necessary to do so presently since the Commonwealth concedes that the appellant's actions did not "materially contribute" to the serious bodily

---

2. We note that the Commonwealth must prove beyond a reasonable doubt that the victim actually suffered "serious bodily injury" as defined in § 3742(d), before the defendant can be convicted of a misdemeanor of the first degree pursuant to § 3742(b)(2) or (3), rather than a misdemeanor of the third degree pursuant to § 3742(b)(1). In addition, we note that this opinion does not directly address the situation when the victim is killed or the defendant's flight "materially contributes" to the death of the victim, § 3742(b)(2) and (4). However, the analogy is obvious.

injuries suffered by the Hosch daughters. Consequently, we can simply vacate the appellant's judgment of sentence and remand for resentencing pursuant to § 3742(b)(2), rather than the mandatory penalty subsection, § 3742(b)(3).

Judgment of sentence vacated. Remanded for resentencing in accordance with the provisions of this opinion. Jurisdiction relinquished.