COMMONWEALTH of Pennsylvania,
Appellee

v.

Milton Charles PAYNE, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 1, 2009.

Filed May 25, 2010.

Harry F. White, II, Meadville, for appellant.

Angela N. Erde, Asst. Dist. Atty., for Com., appellee.

BEFORE: MUSMANNO, BENDER and BOWES, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Milton Charles Payne ("Payne") appeals from the judgment of sentence imposed after he was convicted of shooting on or across highways.[1] We vacate the judgment of sentence.

¶ 2 On December 5, 2008, Payne was hunting deer, with some other persons, in Spring Township, Crawford County, Pennsylvania. On that day, Payne parked his vehicle on the west side of Center Road, got out of the vehicle, and walked 75 feet north. *See* N.T., 4/24/09, at 40, 49. He crossed a ditch and took up a position by a

---

1. 34 Pa.C.S.A. § 2504.

large tree that was eighteen feet from the edge of North Center Road. *Id.* at 47. After waiting for about forty-five minutes, Payne saw a deer cross Center Road from east to west, heading in a westerly direction. *Id.* at 41, 43. Payne then aimed away from the road and shot the deer while the deer was about 35 feet "into the woods." *Id.* at 41. One of Payne's neighbors, James W. Redden, Jr. ("Redden"), contacted the Pennsylvania Game Commission and a Wildlife Conservation Officer ("WCO") and reported the shooting. Redden claimed that Payne had shot the deer from the roadway while standing next to Payne's vehicle. *Id.* at 4. The WCO interviewed Payne and Redden and charged Payne with the above-mentioned violation, as well as discharging a firearm in a safety zone, 34 Pa.C.S.A. § 2505, and unlawful taking of game, 34 Pa.C.S.A. § 2307. *See* N.T., 4/24/09, at 23.

¶ 3 On December 17, 2008, the magisterial district judge found Payne not guilty of unlawful taking of game, but guilty of the other two offenses. Payne appealed to the Court of Common Pleas. The trial court conducted a hearing, and found Payne not guilty of discharging a firearm in a safety zone but guilty of shooting on or across highways.[2] The trial court sentenced Payne to pay a fine of $200 and costs. Payne then filed this timely appeal.

¶ 4 Payne raises the following issues for our review:

1. Can a hunter legally hunt within twenty-five yards of the traveled portion of a public highway if he has not recently alighted from a motor vehicle?

2. Is section 34 Pa.C.S.A. [§] 2504, "shooting on or across highways," unconstitutionally vague?

3. Should [Payne's] conviction be vacated because the original citation alleged only conduct prohibited in the first section of 34 Pa.C.S.A. [§] 2504 and the court found [Payne] guilty of conduct prohibited in the second section of 34 Pa.C.S.A. [§] 2504?

Brief for Appellant at 7.

 ¶ 5 Payne first contends that a hunter can legally hunt within 25 yards of the traveled portion of a public highway if he has not recently alighted from a motor vehicle. Payne asserts that section 2504 prohibits the practice of "road hunting," which occurs when a hunter is driving or riding in a car, sees a deer, jumps out of the car, and aims and shoots at the deer. Payne argues that his behavior, which involved getting out of the car some forty-five minutes before shooting the deer, is not prohibited by section 2504.

 ¶ 6 "When interpreting a statute, the language must be construed according to its common and approved usage—in other words—its plain meaning, and interpreted in a manner to give effect to legislative intent." *Commonwealth v. Edwards,* 384 Pa.Super. 454, 559 A.2d 63, 66 (1989). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921.

When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

---

**2.** The offense of which Payne was convicted is a summary offense. *See* 34 Pa.C.S.A. § 2504(b).

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S.A. § 1921(c). In interpreting a statute, "[t]he headings prefixed to ... sections and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof." 1 Pa.C.S.A. § 1924.

¶ 7 The statute at issue, section 2504, provides as follows:

**§ 2504. Shooting on or across highways**

(a) **General rule.**—It is unlawful for any person to shoot at any game or wildlife while it is on a public highway or on a highway open to use or used by the public or to shoot across a public highway or a highway or roadway open to use or used by the public unless the line of fire is high enough above the elevation of the highway to preclude any danger to the users of the highway. It shall be unlawful for any person, after alighting from a motor vehicle being driven on or stopped on or along a public highway or road open to public travel, to shoot at any wild bird or wild animal while the person doing the shooting is within 25 yards of the traveled portion of the public highway or road open to public travel. 34 Pa.C.S.A. § 2504(a).[3]

¶ 8 In addressing the statute at issue, we note that section 2504 is entitled "Shooting on or across highways." Although this title does not control, it offers an aid to an interpretation of legislative intent. *See* 1 Pa.C.S.A. § 1924. This title, as well as the first sentence of section 2504(a), indicates that the General Assembly was concerned with, and wished to prohibit hunters from shooting at wildlife or game while on a public highway or shooting at game across a highway. Clearly, the General Assembly wished to protect persons and property from injury or damage that might be inflicted by hunters engaged in shooting under such circumstances. Thus, in the first sentence of section 2504(a), the General Assembly precluded hunters from shooting while they are "on" the highway, and from shooting "across a public highway," unless the angle of the shot is "high enough" to "preclude any danger to the users of the highway." 34 Pa.C.S.A. § 2504(a).

¶ 9 In interpreting the second sentence of section 2504, we must conclude that the General Assembly intended to alleviate the same concerns, *i.e.,* shooting on or across highways in a manner that poses a danger to users of the highway. The plain language of the second sentence of section 2504(a) indicates an intent by the General Assembly to preclude the practice of road hunting, *i.e.,* the situation in which a hunter or hunters who are driving or riding in a vehicle on a public highway spot wildlife or game, alight from the vehicle, and shoot at the game when the hunter is "within 25 yards of the traveled portion of the public highway...." 34 Pa.C.S.A. § 2504(a). Although the General Assembly did not use language setting forth a time limit on the word "alighting," the clear tenor of the language was to prohibit road hunting, which, as described, is a reckless practice that may endanger users of the highway. A hunter who quickly emerges from a vehicle, and scrambles to shoot at game

---

3. The word "alight" is defined as follows: "to come down from something (as a vehicle)." Merriam–Webster Online Dictionary, http://www.merriam-webster.com/.

observed from the highway, while within 25 yards of the highway, engages in dangerous behavior to other users of the highway.

¶ 10 In the instant case, the record indicates that Payne was not engaged in the conduct that section 2504 was designed to protect against. As the trial court did not find Commonwealth witness Redden to be credible, the trial court discounted his testimony that Payne was on the roadway when he shot the deer. *See* N.T., 4/24/09, at 4. Further, the evidence showed that Payne had alighted from his vehicle some forty-five minutes before shooting the deer. *Id.* at 41, 43. In addition, the evidence showed that Payne shot the deer while it was on the same side of the road as where Payne was standing. *Id.* at 41. Thus, Payne's conduct did not constitute road hunting, and did not endanger any user of the highway, as section 2504 requires.

¶ 11 As we conclude that the trial court erred in its interpretation of section 2504(a), we vacate the judgment of sentence and discharge Payne on the charge of violating 34 Pa.C.S.A. § 2504.

¶ 12 Judgment of sentence vacated; appellant discharged; jurisdiction relinquished.