J-A27004-17

2018 PA Super 19

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL ALLEN PRESHER, | |
| Appellant | No. 97 WDA 2017 |

Appeal from the Order Entered December 19, 2016
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000168-2016

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

OPINION BY BENDER, P.J.E.:                **FILED  FEBRUARY 2, 2018**

Appellant, Michael Allen Presher, appeals from the trial court's December 19, 2016 order directing authorities to fingerprint Appellant pursuant to 18 Pa.C.S. § 9112, **after** a jury acquitted him of the criminal conduct that triggered the statute's fingerprinting mandate.  Appellant contends that the trial court erred in applying Section 9112, and/or that the statute violated his constitutional rights.  After careful review, we reverse.

The facts underlying Appellant's alleged criminal conduct are not germane to this appeal.  The Commonwealth charged him with theft and receiving stolen property by criminal complaint dated March 22, 2016, and then proceeded against Appellant by summons.  Appellant failed to appear for his April 19, 2016 preliminary hearing before the district magistrate.  Consequently, the magistrate bound the charges over to the Court of

Common Pleas. Trial Court Order and Opinion (hereinafter "TCO"), 1/31/17, at 8. Ultimately, a jury acquitted Appellant of all charges following a one-day trial held on December 7, 2016. However, on December 9, 2016, pursuant to the Commonwealth's request, the trial court issued an order for Appellant to be processed and fingerprinted pursuant to 18 Pa.C.S. § 9112(b)(2) (mandatory fingerprinting for defendants "proceeded against by summons").

Appellant objected to the order by filing a motion for reconsideration on December 19, 2016. The next day, the trial court issued an order denying Appellant's motion for reconsideration. Appellant then filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement.[1] The trial court filed its Rule 1925(a) opinion on January 31, 2017.

Appellant now presents the following questions for our review:

I. [Does] Pennsylvania's mandatory fingerprinting statute violate the Due Process Clause of the U.S. and P[ennsylvania] constitutions?

II. Did the [trial] court err in finding the fingerprint statute[] provides constitutional equal protection[] for persons acquitted of crimes?

---

[1] Appellant filed his notice of appeal from the order denying his motion for reconsideration. It appears that there is some confusion about the date of the order. Appellant's notice of appeal, and the trial court's opinion, both identify the order in question as filed on December 19, 2016. However, the order was dated and filed on December 20, 2016, according to the lower court docket. In any event, it is clear to this Court from which order Appellant appealed.

III. Does Pennsylvania's fingerprinting statute violate the P[ennsylvania] and U.S. constitutions by allowing for unlawful search and seizure of United States citizens?

IV. Does the Pennsylvania fingerprinting statute violate the Eighth Amendment by allowing innocent persons to be subject to punitive orders?

V. Did the [trial] court … abuse its discretion in ordering [A]ppellant to post acquittal punitive orders after a jury had rendered a verdict of not guilty?

VI. Has the [trial] court misinterpreted the scope of the Pennsylvania fingerprinting statute to unlawfully include "processing" as part of its application?

Appellant's Brief at 13-14.

We begin with our standard of review.

When interpreting a statute, the court must ascertain and effectuate the intent of the legislature and give full effect to each provision of the statute if at all possible. 1 Pa.C.S.A. § 1921(a); **Commonwealth v. Brown**, 423 Pa. Super. 264, 266, 620 A.2d 1213, 1214 (1993); **Commonwealth v. Edwards**, 384 Pa. Super. 454, 460, 559 A.2d 63, 66 (1989), *appeal denied*, 523 Pa. 640, 565 A.2d 1165 (1989). In construing a statute to determine its meaning, courts must first determine whether the issue may be resolved by reference to the express language of the statute, which is to be read according to the plain meaning of the words. 1 Pa.C.S.A. § 1903(a). **See Commonwealth v. Berryman**, 437 Pa. Super. 258, 649 A.2d 961 (1994) (*en banc*).

When construing one section of a statute, courts must read that section not by itself, but with reference to, and in light of, the other sections because there is a presumption that in drafting the statute, the General Assembly intended the entire statute to be effective. 1 Pa.C.S.A. § 1922. **See Commonwealth v. Mayhue**, 536 Pa. 271, 307, 639 A.2d 421, 439 (1994); **Commonwealth v. Berryman**, *supra* at 268, 649 A.2d at 965. Statute headings may be considered in construing a statute. 1 Pa.C.S.A. § 1924. However, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.A. § 1921(b); **Commonwealth v. Reeb**, 406 Pa. Super. 28, 34, 593 A.2d 853, 856 (1991), *appeal denied*, 530 Pa. 665, 610 A.2d 45 (1992).

*Commonwealth v. Lopez*, 663 A.2d 746, 748 (Pa. Super. 1995).

> It is axiomatic that: "[A]ny party challenging the constitutionality of a statute must meet a heavy burden, for we presume legislation to be constitutional absent a demonstration that the statute 'clearly, palpably, and plainly' violates the Constitution." *Konidaris v. Portnoff Law Associates, Ltd.*, 598 Pa. 55, 953 A.2d 1231, 1239 (2008) (citation omitted). The presumption that legislative enactments are constitutional is strong. *Commonwealth v. McMullen*, 599 Pa. 435, 961 A.2d 842, 846 (2008); *see also* 1 Pa.C.S. § 1922(3) (in ascertaining intent of General Assembly in enactment of statute, presumption exists that General Assembly did not intend to violate federal and state constitutions). All doubts are to be resolved in favor of finding that the legislative enactment passes constitutional muster. *Pennsylvanians Against Gambling Expansion Fund, Inc. v. Commonwealth*, 583 Pa. 275, 877 A.2d 383, 393 (2005). Moreover, "statutes are to be construed whenever possible to uphold their constitutionality." *In re William L.*, 477 Pa. 322, 383 A.2d 1228, 1231 (1978).

*DePaul v. Commonwealth*, 969 A.2d 536, 545–46 (Pa. 2009).

Given the strong presumption of the fingerprinting statute's constitutionality under our standard of review, we will begin by addressing Appellant's fifth claim, which simply asserts that the trial court abused its discretion by ordering him to submit to fingerprinting pursuant to 18 Pa.C.S. § 9112. That is, before considering whether the statute is unconstitutional, we are obliged to address first whether its text requires or permits its post-acquittal application. *See Commonwealth v. Ludwig*, 874 A.2d 623, 628 (Pa. 2005) (recognizing that "courts have the duty to avoid constitutional difficulties, if possible, by construing statutes in a constitutional manner"). If the statute does not apply post-acquittal, then we should conclude that

the trial court abused its discretion by applying it to Appellant, thereby avoiding the constitutional questions that arise if it does.

Section 9112, the mandatory fingerprinting statute, is part of the Criminal History Record Information Act. *See* 18 Pa.C.S. § 9101. It provides as follows:

> **(a) General rule.--**Fingerprints of all persons arrested for a felony, misdemeanor or summary offense which becomes a misdemeanor on a second arrest after conviction of that summary offense, shall be taken by the arresting authority, and within 48 hours of the arrest, shall be forwarded to, and in a manner and such a form as provided by, the central repository.

> **(b) Other cases.--**

> (1) Where private complaints for a felony or misdemeanor result in a conviction, the court of proper jurisdiction shall order the defendant to submit for fingerprinting by the municipal police of the jurisdiction in which the offense was allegedly committed or in the absence of a police department, the State Police. Fingerprints so obtained shall, within 48 hours, be forwarded to the central repository in a manner and in such form as may be provided by the central repository.

> (2) Where defendants named in police complaints are proceeded against by summons, or for offenses under section 3929 (relating to retail theft), the court of proper jurisdiction shall order the defendant to submit within five days of such order for fingerprinting by the municipal police of the jurisdiction in which the offense allegedly was committed or, in the absence of a police department, the State Police. Fingerprints so obtained shall, within 48 hours, be forwarded to the central repository in a manner and in such form as may be provided by the central repository.

> **(c) Transmittal of information.--**The central repository shall transmit the criminal history record information to the criminal justice agency which submitted a complete, accurate and classifiable fingerprint card.

18 Pa.C.S. § 9112. Applicable in this instance is Section 9112(b)(2), which requires the trial court to order the fingerprinting of "***defendants*** named in police complaints [who] are proceeded against by summons." 18 Pa.C.S. § 9112(b)(2) (emphasis added).

Without providing citation to any relevant authority apart from the statute itself, the trial court declared that this mandate "cannot be circumvented by delay and later by acquittal." TCO at 9. The court provides virtually no analysis to support its assertion. However, we may assume that the trial court believes it is strictly interpreting the text of Section 9112(b)(2), which appears, at least at first glance, to provide no end-date for the mandate imposed on the court to order fingerprinting following the filing of a criminal complaint and summons. The Commonwealth takes a more measured approach, arguing that "[s]uch post-acquittal fingerprinting does not appear to be contemplated by [Section 9112(b)(2)], however had Appellant wished to avoid being subject to such an order, post-acquittal expungement would have been the most efficient remedy." Commonwealth's Brief at 4. Thus, the Commonwealth seems reluctant to argue that the statute plainly requires the fingerprinting of acquitted persons, but instead argues that Appellant has chosen an inappropriate remedial path.

We reject both the trial court's and the Commonwealth's interpretation of Section 9112(b)(2). An acquittal constitutes "the strongest vindication possible under our criminal tradition, laws and procedures[.]" ***In re D.M.***,

695 A.2d 770, 773 (Pa. 1997) (requiring the expungement of arrest records, without qualification, following an acquittal). The trial court's application of Section 9112(b)(2) to an acquitted party stands in direct contravention to this principle and, thus, we begin our analysis with extreme skepticism that the legislature intended such a result. Fortunately, the text of the statute does not support the trial court's interpretation.

Section 9112(b)(2) speaks of "defendants," not "persons[,]" much less an acquitted party. 18 Pa.C.S. § 9112(b)(2). Appellant's status as "defendant" ceased in the underlying criminal case when the jury acquitted him of all charges. In both common and formal legal parlance, a "defendant" is a person who is *currently* being accused and/or tried for the commission of a crime, or, at most, a person who is still involved in proceedings directly related to that criminal process, such as during the pendency of an appeal. It would be absurd to identify a person as a "defendant" after his or her acquittal, temporarily or indefinitely. To this Court's knowledge, the term "defendant" is neither colloquially nor formally used to refer to an acquitted party, except in the past tense to describe that person's **prior** status. The formal accusation that is the subject of a criminal trial is decisively and permanently disposed of when the factfinder, be it judge or jury, reaches a not-guilty verdict. **D.M.**, **supra**. On this basis, we conclude that the trial court abused its discretion when it ordered Appellant to submit to fingerprinting pursuant to Section 9112(b)(2). **Commonwealth v. Murray**, 83 A.3d 137, 156 (Pa. 2013) ("An abuse of

discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or **misapplied**, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will discretion ... is abused.") (emphasis added).

Our interpretation is consistent with the terminology used throughout 18 Pa.C.S. § 9112. In Section 9112(a), the statute refers to "persons," rather than to "defendants." 18 Pa.C.S. § 9112. An arrested "person" may never be subject to a formal accusation in the form of a criminal complaint or criminal information. Thus, such persons may not technically be "defendants" at the time of or immediately following their arrest. Nevertheless, the statute mandates fingerprinting of any such persons if the basis of the arrest is a "felony, misdemeanor or summary offense which becomes a misdemeanor on a second arrest after conviction of that summary offense." 18 Pa.C.S. § 9112(a). In Section 9112(b)(1), the legislature transitioned to the term, "defendant." 18 Pa.C.S. § 9112(b)(1). That provision only applies to individuals who were "convicted" following the filing of "private complaints for a felony or misdemeanor...." **Id.** Hence, the label "defendant" is used in Section 9112(b)(1) when criminal allegations have already been proved to the factfinder; however, a conviction is not itself the final word on guilt or innocence in the criminal process, given the potential for subsequent appellate review. Thus, the continued, post-conviction use of the term "defendant" is logical and understandable, if not the most perfect fit.

The contemplated temporal/procedural posture of Section 9112(b)(2) is when a criminal case is proceeding by summons, following the filing of a criminal complaint. The named person in the summons is unambiguously a "defendant" when the summons issues, because the summons follows a criminal complaint, and the "defendant" is literally named as such in the filing. *See* Pa.R.Crim.P. 510(A) ("Every summons in a court case shall command *the defendant* to appear….") (emphasis added). However, when *any* case results in a *complete* acquittal, as occurred in the matter at hand, the Commonwealth has absolutely no recourse to challenge that disposition. Thus, the label, "defendant," ceases to apply rationally to a person following their acquittal.

In sum, we conclude that the trial court abused its discretion when it ordered Appellant to submit to fingerprinting pursuant to Section 9112(b)(2), as the express terms of that statute do not permit its application to fully acquitted persons, who are no longer "defendants" within the meaning of that statute. Because of our disposition in this matter, it is unnecessary to address Appellant's remaining issues.[2]

Order *reversed*. Jurisdiction *relinquished*.

---

[2] Moreover, we deny Appellant's October 24, 2017 motion to file a supplemental brief on this basis as well.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/2/2018