Michael J. Murnin, III,          :
        Petitioner         :
                       :
        v.                  :
                       :
Pennsylvania Game Commission,   :      No. 1646 C.D. 2018
        Respondent     :      Argued: December 10, 2019

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                  FILED: February 6, 2020

Michael J. Murnin, III (Murnin) appeals from the Commonwealth of Pennsylvania, Pennsylvania Game Commission's (Commission) November 16, 2018 Final Order upholding the Commission's August 3, 2018 one-year revocation of his hunting/furtaking privileges. Murnin presents one issue for this Court's review: whether the Commission abused its discretion because the Final Order was not supported by substantial evidence. After review, we vacate and remand.

## Facts[1]

On December 22, 2017, Murnin was coyote hunting with four hunting dogs. One or all of the dogs were equipped with monitoring devices and began to track a coyote. After several hours, one or several of the dogs tracked, then pinned, an injured coyote on a guardrail adjacent to State Highway Route 170 in Clinton

---

[1] The following facts are as found by the Hearing Officer.

Township, Wayne County. When Murnin and his dogs caught up with the coyote, the coyote was immobile along the side of the highway, within a safety zone of at least one residence. Murnin euthanized the injured coyote with a lawfully possessed, pistol-type firearm while he was standing on the roadway.

Thereafter, State Game Warden Frank J. Dooley cited Murnin for the following violations: Unlawful Shooting On or Across a Highway,[2] Citation No. 819089 (Shooting On or Across a Highway); and hunting by Use of Vehicle or Conveyance Propelled by Other than Manpower,[3] Citation No. 819086 (Use of a Vehicle). On July 23, 2018, a Magisterial District Judge found Murnin guilty of Shooting On or Across a Highway and not guilty of hunting by Use of a Vehicle, and fined Murnin a total of $300.00, plus court costs. By August 3, 2018 letter, the Commission notified Murnin of the one-year revocation of his privilege to secure a license or to hunt or take game or wildlife anywhere in the Commonwealth with or without a license for a period of one year beginning July 1, 2019.

---

[2] Section 2504(a) of the Game and Wildlife Code provides:

> It is unlawful for any person to shoot at any game or wildlife while it is on a public highway or on a highway open to use or used by the public or to shoot across a public highway or a highway or roadway open to use or used by the public unless the line of fire is high enough above the elevation of the highway to preclude any danger to the users of the highway. It shall be unlawful for any person, after alighting from a motor vehicle being driven on or stopped on or along a public highway or road open to public travel, to shoot at any wild bird or wild animal while the person doing the shooting is within 25 yards of the traveled portion of the public highway or road open to public travel.

34 Pa.C.S § 2504(a).

[3] Section 2308(a)(7) of the Game and Wildlife Code prohibits the hunting of game or wildlife through the use of "[a] vehicle or conveyance of any kind or its attachment propelled by other than manpower." 34 Pa.C.S § 2308(a)(7).

Murnin timely requested a hearing concerning his license revocation. A Hearing Officer held a hearing on November 8, 2018. On November 9, 2018, the Hearing Officer recommended that the Commission's revocation of Murnin's hunting and furtaking privileges be rescinded. On November 16, 2018, the Commission notified Murnin that it did not concur with the Hearing Officer's recommendation and its August 3, 2018 revocation remained as ordered. Murnin appealed to this Court.[4] On January 29, 2019, the Commission filed its opinion in support of its Final Order.

## Discussion

Murnin argues that the Final Order is not supported by substantial evidence because the Commission's reasons for departing from the Hearing Officer's recommendation are not supported by the record. Specifically, Murnin contends that the following Commission findings are not supported by the record facts: (1) Murnin fired a gun in a safety zone which resulted in the creation of a danger; (2) Murnin's admission to releasing three additional dogs onto the coyote when he came upon it injured on the side of the road; and (3) Murnin used his vehicle to pursue the coyote and presented a poor image of hunting to the general public.[5] The Commission rejoins that the record adequately establishes that Murnin was convicted of a significant safety violation for unlawfully Shooting On or Across a Highway when he shot an injured coyote on an active public roadway and within the safety zone of at least one residence.

---

[4] "Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence." *Buoncuore v. Pa. Game Comm'n*, 777 A.2d 1222, 1224 n.7 (Pa. Cmwlth. 2001).

[5] These findings are included in the Prosecution Report which was admitted into evidence over Murnin's hearsay objection at the November 8, 2018 hearing. *See* Reproduced Record at 23a-25a, 84a.

Initially, Section 929(a) of the Game and Wildlife Code (Code) provides, in relevant part:

> [A]ny hunting or furtaking license . . . granted under the authority of [the Code] **may be** denied, **revoked** or suspended by the [C]ommission when the holder of the license . . . is convicted of an offense under [the Code] or has acted contrary to the intent of the registration or permit[.]

34 Pa.C.S. § 929(a) (emphasis added). Further, Section 2741(b) of the Code specifies:

> In addition to any penalty and costs imposed by [the Code], the [C]ommission **may revoke** any hunting or furtaking license and deny any person the privilege to secure a license or to hunt or take furbearers anywhere in this Commonwealth, with or without a license, . . . if the licensee or person:
>
> (1) Has [] been convicted . . . of violating any of the provisions of [the Code] for such periods as are specified in this subchapter.

34 Pa.C.S. § 2741(b)(1) (emphasis added). Finally, Section 2742(a) of the Code prescribes a revocation period:

> [F]or the first offense any person convicted . . . of violating any of the provisions of [the Code] **may be denied** the privilege to hunt or take wildlife anywhere in this Commonwealth, with or without a license, for a period not to exceed three years as the [C]ommission determines.

34 Pa.C.S. § 2742(a) (emphasis added).

Here, Murnin was convicted of Unlawful Shooting On or Across a Highway. Although the Hearing Officer recommended rescinding Murnin's one-year license revocation based on mitigating circumstances, he opined: "In consideration of the evidence presented and arguments made by the parties, this [H]earing [O]fficer agrees that the underlying violation is serious in nature, involves a serious safety

4

violation and a revocation is authorized and typically warranted." Hearing Officer Recommendation at 5.

With respect to the above-quoted statement, the Commission's Executive Director (Executive Director) declared in the opinion supporting the Commission's Final Order (Opinion):

> I am in full concurrence with [the] Hearing Officer . . . in this regard. However, I do not agree that a weighing of the mitigating evidence presented in this case sufficiently outweighs the gravity of [] Murnin's poor choices and significant risks that he created to the general public to warrant a rescission of the Commission's August 3, 2018 revocation of his hunting/furtaking privileges.

Commission Op. at 1-2.

This Court acknowledges that Murnin's conviction alone constitutes substantial evidence to support the Commission's Final Order. However, in the Opinion, the Executive Director expressly opined:

> Further, and clearly illustrating further poor judgement, [] Murnin admitted to **releasing three additional hunting dogs onto the coyote when he arrived on scene** and observed the animal pinned against the guardrail, injured, and unable to move. I find this blatant disrespect for the wildlife he was hunting, the dangerous situation he placed himself, the public and his dogs into, the manner in which **he used his vehicle to pursue the coyote** and the unfortunate way in which **he approached the homeowner** paints an extremely poor image of hunting to the general public.

Commission Op. at 2 (emphasis added). These above-quoted points were not testified to at the hearing but, rather, were contained in the Prosecution Report, admitted into the record over Murnin's hearsay objection. The law is well established that "[h]earsay evidence, [p]roperly objected to, is not competent evidence to support a finding of the [Commission]." *Walker v. Unemployment Comp. Bd. of Review*, 367

A.2d 366, 370 (Pa. Cmwlth. 1976). Accordingly, the Prosecution Report cannot alone form the basis for the Executive Director's findings.[6] Moreover, there was no other evidence to corroborate the Prosecution Report. Because the penalty imposed is discretionary and it is unclear from the Opinion whether the Executive Director departed from the Hearing Officer's recommendation based on this hearsay, this Court remands the matter to the Commission to clarify the basis for Murnin's license revocation.

### Conclusion

For all of the above reasons, the Commission's Final Order is vacated and the matter is remanded to the Commission.

_____
ANNE E. COVEY, Judge

---

[6] The Concurrence references this hearsay as "**a non-existent conviction** and hearsay." Concurring Op. at 1 (emphasis added). The Majority does not draw such a conclusion.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael J. Murnin, III, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Game Commission, | : | No. 1646 C.D. 2018 |
| Respondent | : | |

## O R D E R

AND NOW, this 6th day of February, 2020, the Commonwealth of Pennsylvania, Pennsylvania Game Commission's (Commission) November 16, 2018 Final Order is VACATED, and the matter is REMANDED to the Commission for clarification in accordance with this Opinion.

Jurisdiction relinquished.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Murnin, III,                          :
               Petitioner          :
                           :
          v.                               :
                           :
Pennsylvania Game Commission,          :          No. 1646 C.D. 2018
              Respondent          :          Argued: December 10, 2019


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge


***OPINION NOT REPORTED***

CONCURRING OPINION
BY JUDGE McCULLOUGH                     FILED:  February 6, 2020


       I agree with the majority that the Pennsylvania Game Commission's (Commission) November 16, 2018 order must be vacated because the Commission erroneously relied on a nonexistent conviction and hearsay to uphold the one-year revocation of Michael Murnin's hunting/furtaking privileges.

       I write separately because I question whether Murnin's conduct in this instance falls reasonably within the type of conduct envisioned by section 2504 of the Game and Wildlife Code (Code), 34 Pa.C.S. §2504.  Although I am fully aware that any attempt by Murnin to raise the argument here would amount to an unauthorized collateral attack on his underlying conviction, *see Levan v. Pennsylvania Game Commission*, 429 A.2d 1241 (Pa. Cmwlth. 1981), I nevertheless offer my view, lest this case be consulted in the future, that, consistent with prior

precedent, Murnin was not engaged in the conduct that section 2504 of the Code was designed to prohibit.

Section 2504 of the Code, makes it unlawful for any person, to (1) "shoot at" any animal while it is on a public highway or after alighting from a motor vehicle driven along a public highway or road and (2) "shoot at" any wild bird or wild animal within 25 yards of the traveled portion of the public highway or road. It provides, in pertinent part:

> (a) General rule.--It is unlawful for any person to shoot at any game or wildlife while it is on a public highway or on a highway open to use or used by the public or to shoot across a public highway or a highway or roadway open to use or used by the public unless the line of fire is high enough above the elevation of the highway to preclude any danger to the users of the highway. It shall be unlawful for any person, after alighting from a motor vehicle being driven on or stopped on or along a public highway or road open to public travel, to shoot at any wild bird or wild animal while the person doing the shooting is within 25 yards of the traveled portion of the public highway or road open to public travel.

34 Pa.C.S. §2504(a).

Section 2504 of the Code was designed to protect against dangers of hunting wildlife while the wildlife is on a public road, and "road hunting," a method of hunting whereby hunters who are driving or riding in a vehicle on a public highway spot wildlife or game, alight from their vehicle, and shoot at game. *Commonwealth v. Payne*, 995 A.2d 1239 (Pa. Super. 2010).

Here, Murnin had been hunting earlier, but he lost track of his dogs. He was in the process of collecting his dogs when he encountered the injured coyote on the side of the road. Murnin did not shoot "at" the coyote, which is the conduct

targeted by the Code, and there is nothing in the record to suggest that he was "road hunting" when he killed the coyote. "Shooting at" suggests an act of pursuing or hunting, *i.e.*, attempting to kill an animal which is at large. Here, Murnin shot and euthanized a gravely injured animal that was immobilized on the side of the road. (Reproduced Record (R.R.) at 42a-43a.) He was not hunting the coyote while it was on a public road.

Moreover, even if this conduct could be found to constitute a violation of section 2504 of the Code, courts have overlooked technical violations of the Code in similar circumstances where, as here, a hunter euthanizes a mortally wounded animal. In these cases, courts have been inclined to reduce the period of revocation for technical violations of the Code when the violation was precipitated by an act of mercy.

For example, in *Commonwealth v. Learn*, 2 Pa. D. & C. 397 (1922), the common pleas court held that a hunter's violation of "bag limits" was excused when the hunter euthanized an elk which had been maimed by a train, holding that killing the animal (which exceeded bag limits) was an act of mercy that did not violate the act of June 7, 1917, P.L. 572.[1]

In *Appeal of Bruce*, 41 Pa. D. & C.2d 195 (1966), a hunter fired one shot that inadvertently, but seriously, injured two deer. The hunter then euthanized both deer to alleviate their misery. The Commission revoked the hunter's license for two years for killing two deer in one season in violation of section 705 of the

---

[1] The Act of 1917 was repealed by the Act of May 24, 1923, P.L. 359, known as "The Game Law of 1923." The Game Law of 1923 was reenacted into the Game Law of 1937, Act of June 3, 1937, P.L. 1225, 34 P.S. §§1311.1-1311.1502. The Game Law of 1937 was subsequently repealed and reenacted in the Code, Act of July 8, 1986, P.L. 442, 34 Pa.C.S. §§101-2965.

Game Law of 1937.[2] On appeal, the trial court reversed. The trial court found that the hunter acted in a normal and reasonable manner in shooting both deer, and that he did not willfully and intentionally kill two deer as contemplated under section 705 of the Game Law of 1937. *Id.* at 198. The trial court noted that the hunter could have left the area without first killing the second deer, which was seriously injured and threshing about in the agony of a slow death. *Id.* at 199. The trial court held "[t]hat [the hunter] performed a humane act, which under the circumstances was justified, should not now expose him to the penalty of a revocation." *Id.* Therefore, the trial court concluded that the Commission erred in revoking the hunter's license.

I submit that these cases compel the careful consideration of circumstances to determine if they reflect an intent to prevent seriously injured animals from the "agony of slow death." Here, the Commission should consider on remand the circumstances of this underlying offense.

For these reasons, I concur.

_____
PATRICIA A. McCULLOUGH, Judge

---

[2] *Formerly* 34 P.S. §1311.705.